1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

HON. MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

HEATHER HALEY, as an individual and as a
representative of the classes,

    Plaintiff,

v.

TALENTWISE, INC. f/k/a/ TALENTWISE
SOLUTIONS, LLC f/k/a INTELIUS
SCREENING SOLUTIONS, LLC, ,

    Defendant.

Case No. 2:13-cv-01915-MJP

**FIRST AMENDED COMPLAINT
– CLASS ACTION**

Heather Haley ("Plaintiff" or "Haley"), by and through her attorneys, on behalf of herself, the Classes set forth below, and in the public interest, brings this Class Action Complaint against Talentwise, Inc. ("Talentwise" or "Defendant").

## PRELIMINARY STATEMENT

1.      This is a case about a consumer reporting agency's willful failure to follow federal and state laws designed to protect consumers from inaccurate, misleading, and manifestly improper consumer reporting practices.

2.      Employers, lenders, and landlords use consumer reports to screen applicants, borrowers and tenants.  They use the reports to deny people jobs, credit, housing and access to other means by which to live.

3.      Recognizing that the content of consumer reports can have a significant impact

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

1    on people's lives, Congress has chosen to regulate the procurement, use and content of those

2    reports through the Fair Credit Reporting Act ("FCRA").  15 U.S.C. § 1681, *et seq.*

3        4.    The FCRA is Congress's effort to ensure that consumer reporting agencies are

4    required to report information in a manner which is "fair and equitable to the consumer," and

5    "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such

6    information." *Id.*

7        5.    To achieve its goals, Congress has imposed strict limitations on the content of

8    consumer reports.

9        6.    Defendant, a consumer reporting agency, routinely and systematically violates

10   multiple provisions of the FCRA in connection with its issuance of consumer reports.

11       7.    As further discussed herein, Defendant has willfully violated the FCRA by

12   systematically reporting:

13       a)  dismissed charges that antedate the report by more than seven years, despite

14           15 U.S.C. § 1681c(a) explicitly prohibiting the inclusion of such information;

15       b)  single items of adverse information multiple times in the same report, making

16           it appear as though there is more adverse information than actually exists, in

17           violation of 15 U.S.C. § 1681e(b);

18       c)  dismissed charges as convictions in violation of 15 U.S.C. § 1681e(b); and

19       d)  internally inconsistent information, such as reports that set forth the same

20           charge as both dismissed and resulting in a conviction in separate parts of the

21           same report, in violation of 15 U.S.C. § 1681e(b) and 1681k.

22       8.    Defendant engages in these practices in order to maximize the automation of its

23   report creation process, thereby saving costs by not having to conduct additional layers of

24   review before the reports are provided to its customers.  This practice also allows Defendant to

25   produce voluminous reports to its customers, creating the impression that the customers'

26   purchased reports contain more information than they actually contain.

27

FIRST AMENDED COMPLAINT – CLASS ACTION - 2
CASE NO. 2:13-cv-01915-MJP

**NICHOLS KASTER, PLLP**
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

9.      In a pattern and practice of related violations, Defendant's conduct has consistently undermined Congress's carefully struck balance, unlawfully placing its business interests above the rights of consumers.

10.     Based on Defendant's conduct, Plaintiff asserts FCRA claims on behalf of herself and three classes of consumers.  On behalf of herself and the Classes, Plaintiff seeks statutory damages, punitive damages, attorneys' fees, expenses, costs and all available other appropriate relief.

## THE PARTIES

11.     Individual and representative Plaintiff Heather Haley ("Haley" or "Plaintiff") is a resident of Hennepin County, Minnesota.

12.     Defendant Talentwise, Inc.'s former legal names include Talentwise Solutions, LLC and Intelius Screening Solutions, LLC.  *See* Exs. 1 and 2.

13.     Defendant is incorporated in Delaware, with its corporate headquarters in the Western District of Washington—specifically Bothell, Washington, which is in the Counties of King and Snohomish.

14.     Defendant is a consumer reporting agency within the meaning of the FCRA: for monetary fees, it engages in the practice of assembling information on consumers for the purpose of furnishing consumer reports to third parties and uses interstate commerce, including the mail and Internet, for the purpose of preparing and furnishing such reports.  *See Hernandez v. Talentwise Solutions, LLC*, No. 1:12-cv-02242, ECF No. 18 at § III, ¶ 2 (N.D. Ill. Aug. 29, 2012); Ex. 3 ("Intelius Screening Solutions LLC… is an industry leading consumer reporting agency focused on providing businesses, landlords, and households with the information they need to make sound and legally compliant decisions.").

15.     Defendant provides consumer reports for employment purposes, i.e., providing background checks to employers for their use in making decisions about people who may work for them, including for use in taking adverse employment action, e.g., termination, failure to hire and failure to promote.  *See* Exs. 3 and 4.

FIRST AMENDED COMPLAINT – CLASS ACTION - 3
CASE NO. 2:13-CV-01915-MJP

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

16.     Defendant does business throughout the United States, including in the Western District of Washington.

17.     Defendant's website is http://corp.talentwise.com and general information about its business can be found at http://corp.talentwise.com/about-us.  A copy of Defendant's "about us" page as it appeared on September 3, 2013 is attached hereto as Exhibit 5.

18.     The "Governing Person" and "Member" of Defendant is iNome, inc. ("iNome"). *See* Ex. 1.

19.     iNome's former legal name is Intelius, Inc.  *See* Ex. 6.

20.     iNome is headquartered in the Western District of Washington—specifically, Bellevue, Washington in King County.

21.     iNome serves as Defendant's data broker, providing Defendant with data for inclusion in consumer reports and otherwise assists Defendant in providing consumer reports for employment purposes.  *See Baxter v. Intelius, Inc.*, No. 8:09-cv-01031, ECF No. 19 (C.D. Cal. Dec. 21, 2009) (Intelius stating, "Intelius, Inc... provide[s] background and other screening reports for employment and other purposes."); *see also* Ex. 7.

22.     There is considerable overlap in the corporate leadership between Defendant and iNome.  *Compare* Ex. 8 with Exs. 1 and 9.

23.     In fact, the two corporations essentially functioned as a single company under the Intelius name, and decisions regarding each company's staffing and corporate responsibilities and purpose were made by Naveen Jain, who has operated as president and director of both companies.

## **JURISDICTION AND VENUE**

24.     This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and the Class Action Fairness Act, 28 U.S.C. § 1332(d).

25.     Venue is proper in the United States District Court for the Western District of Washington because Defendant operates in, is headquartered in, and resides in this District.

26.     iNome also operates in, is headquartered in, and resides in this District.

**NICHOLS KASTER, PLLP**
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

## STATUTORY BACKGROUND

27.     To ensure that consumer reporting agencies report information in a manner which is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information," Congress prohibits consumer reporting agencies from reporting:

> (2)  Civil suits, civil judgments, and records of arrest that from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period...

> (5)  Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

15 U.S.C. § 1681c(a).

28.     Congress requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information" contained in consumer reports.  *See* 15 U.S.C. § 1681e(b).

29.     The FCRA also requires consumer reporting agencies to "maintain strict procedures" for reports which are prepared for employment purposes and which contain items of "information which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment."  Specifically, consumer reporting agencies are required to either provide notice to the consumer at the time the information is reported, or to maintain "strict procedures" to ensure that any such information in the report is "complete" and "up to date."  15 U.S.C. § 1681k(a)(2).

30.     In addition to the above requirements, reports must also be structured in such a way as to not present information in a misleading fashion.  Reports that contain factually correct information but nonetheless mislead their readers are neither maximally accurate nor fair to the consumers who are the subjects of such reports.  *See Smith v. HireRight Solutions, Inc.*, 711 F. Supp. 2d 426 (E.D. Pa. 2010).

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

**ALLEGATIONS RELATING TO NAMED PLAINTIFF HALEY**

31.     In September of 2005, Heather Haley applied for work at the Bloomington, Minnesota location of La Quinta Inns & Suites ("La Quinta"), a large hotel chain.

32.     After interviewing Haley, La Quinta hired her.

33.     Haley worked for La Quinta for over seven years and was a model employee. In fact, she was such a good employee that, in early 2013, her manager recommended her for a promotion to be the Assistant Manager to the General Manager where she would have earned approximately $35,000 per year.

34.     In considering the manager's recommendation that Haley be promoted, La Quinta procured a consumer report on Haley from Defendant in March of 2013.  *See* Ex. 10. Defendant did not provide notice to Haley that La Quinta had requested the report at the time it was requested.

35.     The report Defendant furnished to La Quinta improperly contained information regarding a criminal charge against Haley that had been dismissed more than seven years prior to the date of the report.  *Id.*

36.     Specifically, in January of 2001, Heather Haley was charged with three counts of "Aggravated Robbery First Degree."

37.     In June of 2001, Haley pled guilty to two of the three counts of "Aggravated Robbery First Degree," and the remaining count was dismissed.

38.     Despite the fact that Haley's 2001 charges originated more than seven years prior to the date of the report, Defendant included information about that criminal charge in the consumer report they furnished to La Quinta—namely, the existence, type, title, disposition, and disposition date of the dismissed charge.  *See* Ex. 10.

39.     The report Defendant furnished to La Quinta also improperly reported Haley's driving history in a misleading and inaccurate fashion.  *See id.*

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

40.     Specifically, in October of 2011, Haley was charged with one count of "DWI – Third-Degree Driving While Impaired: 1 Aggravating Factor" and one count of "DWI – Second-Degree Driving While Impaired: Refuse to Submit to Chemical Test."

41.     In December of 2011, she pled guilty to "DWI – Third-Degree Driving While Impaired; 1 Aggravating Factor," and the remaining count was dismissed.

42.     Defendant, however, furnished La Quinta with a consumer report that inaccurately and misleadingly reported both of Haley's DWI charges **twice** on the same report: first, the charges were reported under the subheading "Criminal County Search;" then, they were reported on a different page under the subheading "DMV Driving Records." *See* Ex. 10.

43.     Moreover, in the "DMV Driving Records" section of the report, Defendant incorrectly stated that Haley had also been convicted of "Implied Consent- Refusal," when, in truth, this second charge had been dismissed. *Id.*

44.     In addition to falsely reporting a dismissed charge as a conviction, Defendant's inconsistent reporting of the outcome of Haley's DWI charges in the "Criminal County" and "DMV" sections of the report made it appear that Haley had been arrested for two different DWIs, was charged four times, and had been convicted three times.  Contrary to the impression the erroneous report gave, Haley was only charged in connection with a single incident, in two counts, and was convicted of one count.  *See id.*

45.     La Quinta then fired Haley on or around April 16, 2013.

46.     Haley was devastated that her potential promotion led to her employment being terminated, and she requested reinstatement.  In response, La Quinta wrote Haley an e-mail which stated that it would not rehire her in part because it believed she had been convicted of refusing to take a Breathalyzer test.  But this belief – based on Defendant's misleading, erroneous, and internally inconsistent report – was factually inaccurate.

47.     On May 9, 2013, Haley sent a letter to Defendant that requested a copy of the report it had furnished to La Quinta.  This letter asserted Haley's rights under the FCRA and included citations to specific statutory subsections, which alerted Defendant to the fact that

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

1    Haley either knew her rights under the FCRA or had retained an attorney.  *See* Ex. 11 at pp.
2    1-2.

3         48.    Then, on May 23, 2013, Defendant printed the majority of Haley's file,
4    including a copy of the report it had provided to La Quinta.  *See id*. at pp. 7-11 (showing print
5    date stamped on bottom of document).

6         49.    According to the report, Defendant had not made any changes to Haley's report
7    between the time they provided it to La Quinta in March or April of 2013 and May 23, 2013.
8    *See id*. at p. 26 (showing Defendant's "System Process Log").

9         50.    On May 28, 2013, after Haley had requested her file by referencing specific
10   statutory subsections, and after she had been fired based on the contents of the report,
11   Defendant changed Haley's report to delete the dismissed count "Aggravated Robbery First
12   Degree," and printed that report.  *See id.* at p. 26 (showing Defendant's System Process Log)
13   and pp. 3-6 (showing print date stamped on bottom of document).

14        51.    Thus, only after Haley requested her file from Defendant in a manner that made
15   it clear she knew her rights under federal law did Defendant remove the old dismissed
16   Aggravated Robbery charge.   Defendant made no changes, however, to the misleading,
17   duplicative and inaccurate reporting regarding Haley's DWI charges which, as indicated above,
18   misled La Quinta into believing that Haley had been convicted of a charge that was in fact
19   dismissed.

20        52.    Defendant then mailed Haley the original and revised report, along with a
21   portion of the remainder of her file.  Even though Defendant's own "system process log" shows
22   that Defendant was editing her file on May 28, 2013, Defendant *backdated* the cover letter to
23   Haley to May 24, 2013.  *See* Ex. 12.  It is presumably no coincidence that Defendant backdated
24   its letter to Haley to make it exactly fifteen days after the date on which Haley sent her request
25   for her file, as the FCRA provides that CRAs have fifteen days from receipt of a request to
26   produce the file to the consumer.  15 U.S.C. § 1681j(a)(2).

27

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

53.     Defendant willfully violated 15 U.S.C. § 1681c(a) by reporting old dismissed charges; and willfully violated 15 U.S.C. §§ 1681e(b) and 1681k by reporting single items of adverse information from public records multiple times in the same report, in a self-contradictory and inaccurate fashion.

## DEFENDANT'S ILLEGAL BUSINESS PRACTICES

54.     Defendant tailors its consumer reports based on the requests of its customers. Specifically, Defendant changes the type, depth, and breadth of the information it provides based on the terms of its customer agreements and its understanding of the purpose for which the report is being sought.[1]

55.     Defendant does not:

    a)  limit its reporting of non-convictions to those within seven years of the date of the report or those for which the statute of limitations has not run;

    b)  follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates;

    c)  send contemporaneous notice to the consumer when reporting items of information which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment; or

    d)  maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

56.     Instead, Defendant's practices are such that Defendant:

    a)  reports dismissed charges that antedate the report by seven years or more and for which the statute of limitations has run;

    b)  reports single items of adverse information multiple times on the same report,

---

[1] *See e.g.,* TalentWise FastTrack webpage, available online at: http://corp.talentwise.com/solutions/fasttrack (last accessed, Aug. 28, 2013).

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

which gives the reader the misleading impression of a much longer history of adverse information than really exists;

c) reports dismissed charges as convictions in spite of current public records showing to the contrary; and

d) reports information that is internally inconsistent in the same report, including public record information which is likely to have an adverse effect on a consumer's ability to obtain employment.

57.     Defendant has adopted such practices despite knowing full well that its practices do not comply with the FCRA.

58.     As Defendant knows, it is routine for prosecutors to charge multiple counts against a defendant.  In many cases – if not most cases – at least one or more of the charged counts is dismissed.  It is also commonplace when multiple charges are brought that the most serious charge is dismissed and the defendant pleads guilty to or is found guilty of a lesser charge.  While this is routine, it is Defendant's business practice to report *all* the charges brought against a defendant, even if just *one* of those counts results in a conviction and the rest are dismissed.  This practice results in the most serious *but dismissed* charges being included in Defendant's reports.  While this practice may be more efficient for Defendant, it is highly prejudicial to the subjects of Defendant's reports.

59.     Defendant's practice of routinely reporting these dismissed charges, even when the dismissed charges antedate the report by more than seven years, cannot be reconciled with the plain language of 15 U.S.C. § 1681e(a)(5), which provides that: "**no consumer reporting agency may make any consumer report containing any of the following items of information: Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.**"  15 U.S.C. § 1681c(a)(5) (emphasis added).

60.     Consumer reporting agencies are clearly permitted to report records of "convictions" beyond seven years.  *Id.*  But it is equally clear from the face of the same

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

1  statutory provision that "arrests" and any "other adverse item of information" cannot be

2  reported beyond seven years.  *See* 15 U.S.C. §§ 1681c(a)(2) and 1681c(a)(5).  Notwithstanding

3  this clear statutory directive, Defendant routinely reports dismissed charges that antedate the

4  report by more than seven years.

5      61.    Defendant does not merely collect court records and send them to its customers

6  such as La Quinta.  Instead, Defendant creates its reports using public record information to

7  populate fields in the templates it uses.  In other words, Defendant affirmatively chooses what

8  information goes into its reports, and it has chosen to include dismissed charges in its reports

9  notwithstanding the plain language of the FCRA set forth above.

10     62.    While Defendant routinely violates the FCRA's core protections, it represents in

11  its advertising and other public statements that it has a rigorous compliance program.  For

12  example, Defendant claims on its website:

13
> TalentWise works closely with the National Association of
> Professional Background Screeners (NAPBS) and continuously
> monitors employment laws and regulations throughout all 50 states to
> ensure that our clients have the most up-to-date information to remain
> in compliance. We have a dedicated staff of internal compliance
> experts whose job it is to proactively notify our clients of any
> regulatory changes. As a TalentWise client, you'll have access to a
> complete set of federal, state, local and industry compliance-centric
> online tools and resources, as well as access to any of our compliance
> experts to discuss your company's current compliance needs.[2]

20     63.    Defendant is also a member of the National Association of Professional

21  Background Screeners ("NAPBS"),[3] an organization that, among other things, instructs its

22  members on compliance with the FCRA, including not to report dismissed charges older than

23  seven years.[4]

---

[2] Talentwise Comply Webpage, available online at: http://corp.talentwise.com/solutions/talentwise-comply (last accessed Aug. 28, 2013).
[3] *See* NAPBS Member Directory, available online at:
http://www.napbs.com/i4a/member_directory/feResultsListing.cfm?directory_id=9 (last accessed Aug. 28, 2013).
[4]*See, e.g.,* Pamela Q. Devata, et. al., *Safe Screening, Safe Hiring*, HR Advisor, July/August 2009, at 12-18, made available for its clients by NAPBS at

FIRST AMENDED COMPLAINT – CLASS ACTION - 11
CASE NO. 2:13-CV-01915-MJP

64.     Defendant also claims to have obtained FCRA Basic Certification through NAPBS, which requires attending training and passing an exam on FCRA compliance.

65.     Defendant's own "Resource Library" has numerous articles and webcasts pertaining to FCRA compliance,[5] including:

a)  The complete text of the FCRA;[6]

b)  A listing of obligations for users of consumer reports;[7]

c)  A summary of rights under the FCRA;[8] and

d)  A 60-minute webcast advertised as follows:

> In this 60-minute webcast, join the TalentWise team as we welcome Pam Devata, Esq., partner in the Labor and Employment Practice Group of Seyfarth Shaw LLP. Ms. Devata will provide an overview of the legal and legislative landscape which constantly shapes and forms the way employers conduct background checks.
>
> Topics covered to include:
>
> - EEOC/State Law Agencies
> - Private Litigation
> - Legislation
> - FTC New Announcements
> - Identify your key areas of potential risk and learn how to mitigate that risk.[9]

66.     Moreover, Defendant's own Master Services Agreement that it uses with its clients gives the impression that Defendant is well aware of the FCRA and obligations

---

http://www.napbs.com/files/public/Consumer_Education/Resources/HR%20Magazine%20Article%208-28-09.pdf (last accessed Aug. 28, 2013).
[5] Talentwise "Resource Library" webpage, available online at: http://corp.talentwise.com/resources (last accessed Aug. 28, 2013).
[6] *Id.*
[7] *See* Talentwise website, available online at:
http://corp.talentwise.com/sites/default/files/content/pdfs/Notice%20to%20Users%20of%20Consumer%20Reports%20-%20Obligations%20of%20Users%20Under%20the%20FCRA.pdf (last accessed Aug. 28, 2013).
[8] *See* Talentwise website, available online at:
http://corp.talentwise.com/sites/default/files/content/pdfs/A%20Summary%20of%20Your%20Rights%20Under%20%20the%20Fair%20Credit%20Reporting%20Act.pdf (last accessed Aug. 28, 2013).
[9] Talentwise Resources webpage, available online at: http://corp.talentwise.com/resources/background-checks-under-attack (last accessed Aug. 28, 2013).

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

thereunder.  Among other things, the Agreement states that Defendant will "[t]ake reasonable procedures to comply with all applicable federal, state and local laws in the preparation and transmission of Screening Reports…."

67.     But as is apparent from the history of Haley's file, Defendant's reports contain inaccurate information, and information that CRAs are forbidden under the FCRA from reporting.  Moreover, Defendant has been sued before under the FCRA for similar failures to follow reasonable procedures to ensure maximum possible accuracy in reporting.  Exs. 13 and 14; *see also* Ex. 15 (for reporting information that antedated the report by more than seven years).  Similarly, an affiliated Intelius entity has been sued before under the FCRA for alleged violations such as failure to maintain strict procedures designed to ensure that public record information was complete and up to date.  *See* Ex. 16.

68.     In addition, it is public record that other credit reporting agencies have been sued in federal court on behalf of putative classes for reporting dismissed charges in a manner very similar to Defendant.  *See King v. General Information Services, Inc.*, Case No. 2:10-cv-06850-PBT (E.D. Pa.).

69.     Defendant's practices violate a fundamental protection afforded to employees under the FCRA, are contrary to the unambiguous language of the statutes, and are counter to longstanding judicial and regulatory guidance.[10]  *See, e.g., Serrano v. Sterling Testing Sys., Inc.*, 557 F. Supp. 2d 688 (E.D. Pa. 2008) (holding FCRA prohibits even alluding to existence of unreportable adverse information); *see also Smith*, 711 F. Supp. 2d 426 (where CRA reported same incident multiple times, the report was misleading and consumer stated claim for CRA's failure to maintain "reasonable procedures"); *Hillis v. TransUnion, LLC*, 2013 WL 5272922 (E.D. Pa. Sept. 18, 2013) (reports that create a misleading impression are actionable

---

[10] *See, e.g.,* FTC, *Forty Years of Experience with the Fair Credit Reporting Act, An FTC Staff Report with Summary of Interpretations*, July 2011, at 55 ("Even if no specific adverse item is reported, a CRA may not furnish a consumer report referencing the existence of adverse information that predates the times set forth in this subsection.").

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

under the FCRA, especially where CRA could have taken steps to clarify report); *White v. Experian Information Solutions, Inc.,* No. 05-CV-1070 (C.D. Cal., filed Nov. 2, 2005) (alleging FCRA violations based on internally inconsistent reporting of bankruptcy and post-bankruptcy debt status as non-discharged).

70.    Thus, by systematically reporting dismissed criminal charges that antedate the report by seven years and for which the statute of limitations has run, Defendant willfully violated 15 U.S.C. § 1681c(a) and, by reporting single charges multiple times on the same report, Defendant willfully violated 15 U.S.C. § 1681e(b), and by reporting inaccurate and internally inconsistent information regarding the status of criminal charges that are a matter of public record without providing contemporaneous notice to the subject of the report, Defendant willfully violated 15 U.S.C. 1681k.

## **CLASS ACTION ALLEGATIONS**

71.    Plaintiff pleads the following claims against Defendant on behalf of herself and the three Classes defined below:

Claim I:      Reporting adverse information other than records of conviction which antedate the report by more than seven years, 15 U.S.C. § 1681c(a)(2) and (5).

Claim II:     Failing to maintain reasonable procedures to ensure maximum possible accuracy by reporting information inaccurately, in an internally inconsistent manner, and in a duplicative and misleading fashion in violation of 15 U.S.C. §§ 1681e(b).

Claim III:    Failing to maintain strict procedures to insure that public record information included in reports generated for employment purposes is reported in a manner which is complete and up to date in violation of 15 U.S.C. §§ 1681k.

72.    Plaintiff asserts the claims set forth in **Claim I** on behalf of herself and the **Outdated Information Class** defined as follows:

a) All individuals on whom Defendant prepared a consumer report for employment purposes in the two years predating the filing of this Complaint and continuing through the date the class list is prepared; and

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

b) Whose report contains adverse information other than records of conviction that antedate the report by more than seven years, and for which the applicable statute of limitations has run.

73. Plaintiff asserts the claims set forth in **Claim II** on behalf of herself and the **Maximum Possible Accuracy Class** defined as:

a) All individuals on whom Defendant furnished reports in the two years predating the filing of this Complaint and continuing through the date the class list is prepared; and

b) Whose report is inaccurate in that it:

   i. inaccurately reports the status of criminal charges;

   ii. is internally inconsistent because it shows that the same charge was both dismissed and resulted in a conviction or contains similarly inconsistent information; and/or

   iii. contains multiple reports of a single adverse item of information.

74. Plaintiff asserts the claims set forth in **Claim III** on behalf of herself and the **Strict Procedures Class** defined as:

a) All individuals on whom Defendant prepared a report for employment purposes in the two years predating the filing of this Complaint and continuing through the date the class list is prepared which contained an adverse item of public record information; and

b) To whom Defendant did not send the notice required by 15 U.S.C. § 1681k(a)(1).

75. <u>Numerosity</u>: The Classes are so numerous that joinder of all class members is impracticable. Defendant regularly furnishes consumer reports that impermissibly include single items of adverse information more than once in the same report, and/or impermissibly include information about charges that are older than allowed by the FCRA, and/or which

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

1   include internally inconsistent and inaccurate information.  The number of members in each

2   class exceeds 100.

3       76.   Typicality: Plaintiff's claims are typical of the members of the Classes.

4   Defendant furnishes consumer reports for employment purposes and typically includes single

5   items of adverse information more than once in the same report and/or charges that are older

6   than allowed by the FCRA and/or internally inconsistent information.  The FCRA violations

7   suffered by Plaintiff are typical of those suffered by other class members, and Defendant

8   treated Plaintiff consistent with other class members in accordance with its standard policies

9   and practices.

10      77.   Adequacy:  Plaintiff will fairly and adequately protect the interests of the

11  Classes, and has retained counsel experienced in complex class action litigation.

12      78.   Commonality: Common questions of law and fact exist as to all members of the

13  Classes and predominate over any questions solely affecting individual members of the

14  Classes, including but not limited to:

15          a)  Whether Defendant furnished consumer reports for employment purposes;

16          b)  Whether Defendant has reasonable procedures to ensure maximum possible

17              accuracy in reports;

18          c)  Whether Defendant has strict procedures that insure that whenever public

19              record information which is likely to have an adverse effect on a consumer's

20              ability to obtain employment is reported it is complete and up to date

21          d)  Whether Defendant violated the FCRA by reporting single items of adverse

22              information more than once in the same report;

23          e)  Whether Defendant violated the FCRA by reporting charges that are older

24              than allowed by the FCRA;

25          f)  Whether Defendant violated the FCRA by reporting inaccurately reporting

26              the status of criminal charges;

27          g)  Whether Defendant violated the FCRA by reporting information in an

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

1    internally inconsistent fashion;

2    h)  Whether Defendant's violations of the FCRA were willful;

3    i)  Whether Defendant's violations of the FCRA were negligent;

4    j)  The proper measure of statutory damages; and

5    k)  The proper measure of punitive damages.

6    79.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because

7    questions of law and fact common to the Classes predominate over any questions affecting only

8    individual members of the Classes, and because a class action is superior to other available

9    methods for the fair and efficient adjudication of this litigation.  The Defendant's conduct

10   described in this Class Action Complaint stems from common and uniform policies and

11   practices, resulting in common violations of the FCRA.  Class certification also will obviate the

12   need for unduly duplicative litigation that might result in inconsistent judgments concerning

13   Defendant's practices.  Moreover, management of this action as a class action will not present

14   any likely difficulties.

15   80.    Plaintiff intends to send notice to all members of the Classes to the extent

16   required by Rule 23.  The names and addresses of the class members are available from

17   Defendant's records.

### CLAIM I FOR RELIEF
**Reporting Old Dismissed Charges**
**(15 U.S.C. § 1681c(a)(2) and (5))**
*On Behalf of the Outdated Information Class*

18
19

20   81.    In return for money, Defendant furnished consumer reports on Plaintiff and

21   other members of the Outdated Information Class to third parties for employment purposes.

22   82.    The consumer reports included dismissed charges antedating the report by more

23   than seven years and for which the statute of limitations had run.

24   83.    The foregoing violations were willful.  Defendant acted in deliberate or reckless

25   disregard of its obligations and the rights of Plaintiff and the Class members under 15 U.S.C.

26

27

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

§§ 1681c(a)(2) and 1681c(a)(5).  Defendant's willful conduct is reflected by, inter alia, the following:

    a) The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

    b) Defendant is a large corporation which specializes in furnishing consumer reports for employment purposes and has access to legal advice through its own general counsel's office and outside employment counsel.  Yet, there is no contemporaneous evidence that Defendant determined that its conduct was lawful;

    c) Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

    d) Defendant knew or had reason to know from its communications with the National Association of Professional Background Screeners that its conduct violates the FCRA;

    e) Defendant knew or had reason to know from the plentiful FCRA guidance on its own website that its conduct violates the FCRA;

    f) Defendant knew or had reason to know from its prior lawsuits that its conduct violates the FCRA;

    g) Despite the pellucid statutory text and there being a depth of guidance, Defendant adopted a policy of systematically reporting dismissed charges, antedated by more than seven years, and for which the statute of limitations had run.  By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and

    h) Defendant edited Haley's report after it became apparent that Haley either knew her rights under the FCRA and/or had retained an attorney to assist her in asserting her rights, and then sent to Haley a report with a backdated cover

FIRST AMENDED COMPLAINT – CLASS ACTION - 18
CASE NO. 2:13-CV-01915-MJP

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

letter that deleted the outdated dismissed charges, demonstrating that Defendant knew it was improper to include these dismissed charges in her report.

84.     Plaintiff and the Outdated Information Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

85.     Plaintiff and the Outdated Information Class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

86.     Plaintiff and the Outdated Information Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

87.     In the alternative, Defendant violated the FCRA negligently, entitling Haley and the Class to its attorney fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

## CLAIM II FOR RELIEF
### Reporting Inaccurate, Misleading and Internally Inconsistent Information
### (15 U.S.C. §§ 1681e(b))
### *On Behalf of the Maximum Possible Accuracy Class*

88.     In return for money, Defendant furnished consumer reports on Plaintiff and other members of the Maximum Possible Accuracy Class to third parties for employment purposes.

89.     Instead, Defendant's procedures were such that its reports indicated that members of the Maximum Possible Accuracy Class were convicted of crimes when in fact the charges were dismissed.

90.     Defendant's procedures were also such that its consumer reports indicated that members of the Maximum Possible Accuracy Class had been both convicted of a criminal charge and had the same criminal charge dismissed.

91.     Defendant's procedures were also such that its consumer reports included single items of adverse information more than once in the same report, demonstrating Defendant's failure to follow reasonable procedures to assure maximum possible accuracy.

FIRST AMENDED COMPLAINT – CLASS ACTION - 19
CASE NO. 2:13-CV-01915-MJP

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

92.     The foregoing violations were willful.

93.     The FCRA's requirement that CRAs maintain reasonable procedures to maximize possible accuracy of information included in consumer reports is fundamental to the statute, and should be fundamental to a CRA's compliance program.

94.     Yet Defendant reported dismissed charges as convictions, and did it in a way that it should have been able to prevent given that the inconsistency was apparent from the face of the report.  Defendant also reported the same instance of conduct in multiple places in a single report.

95.     Rather than having procedures in place to prevent such egregious violations of the FCRA, Defendant generated reports that were false, misleading, and internally inconsistent. Accordingly, Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and the Class members under 15 U.S.C. §§ 1681c(a)(2) and 1681c(a)(5).

96.     Defendant's willful conduct is also reflected by, inter alia, the following:

    a)   The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

    b)   Defendant is a large corporation which specializes in furnishing consumer reports for employment purposes and has access to legal advice through its own general counsel's office and outside employment counsel.  Yet, there is no contemporaneous evidence that Defendant determined that its conduct was lawful;

    c)   Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

    d)   Defendant knew or had reason to know from its communications with the National Association of Professional Background Screeners that its conduct violates the FCRA;

    e)   Defendant knew or had reason to know from the plentiful FCRA guidance on its own website that its conduct violates the FCRA;

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

f) Defendant knew or had reason to know from its prior lawsuits that its conduct violates the FCRA;

g) Despite the pellucid statutory text and there being a depth of guidance, Defendant adopted a policy of systematically reporting dismissed charges, antedated by more than seven years, and for which the statute of limitations had run. By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and

h) Defendant's internally inconsistent reports could have been easily detected if Defendant had simply taken the time to review its report before sending it to its customers.

97. Plaintiff and the Maximum Possible Accuracy Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

98. Plaintiff and the Maximum Possible Accuracy Class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

99. Plaintiff and the Maximum Possible Accuracy Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

100. In the alternative, Defendant violated the FCRA negligently, entitling Haley and the Class to its attorney fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

## CLAIM III FOR RELIEF
### Failure to Maintain Strict Procedures
### (15 U.S.C. §§ 1681k)
### *On Behalf of the Strict Procedures Class*

101. In return for money, Defendant furnished consumer reports on Plaintiff and other members of the Strict Procedures Class to third parties for employment purposes.

102. The consumer reports routinely included items of public record information which was likely to have an adverse effect on a consumer's ability to obtain employment.

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

103.   However, Defendant did not notify members of the Strict Procedures Class of the fact that public record information was being reported by the consumer reporting agency, together with the name and address of the person to whom such information was being reported pursuant to 15 U.S.C. 1681k(1).

104.   Despite this lack of notice, Defendant also did not maintain strict procedures to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment was reported it was complete and up to date.

105.   Instead, Defendant's procedures were such that its reports indicated that members of the Strict Procedures Class were convicted of crimes when in fact the charges were dismissed.

106.   Defendant's procedures were also such that its reports indicated that members of the Strict Procedures Class had been both convicted of a criminal charge and had the same criminal charge dismissed.

107.   The foregoing violations were willful.   The FCRA's requirement that CRAs maintain strict procedures to insure that public records information is complete and up to date is fundamental to the statute, and should be fundamental to a CRA's compliance program.

108.   Yet Defendant reported dismissed charges as convictions, and did it in a way that it should have been able to prevent given that the inconsistency was apparent from the face of the report.   But rather than having the required strict procedures in place to prevent such egregious violations of the FCRA, Defendant generated reports that were false, misleading, and internally inconsistent.

109.   Accordingly, Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and the Class members under 15 U.S.C. §§ 1681k. Defendant's willful conduct is also reflected by, inter alia, the following:

> a)   The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

FIRST AMENDED COMPLAINT – CLASS ACTION - 22
CASE NO. 2:13-CV-01915-MJP

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

b)  Defendant is a large corporation which specializes in furnishing consumer reports for employment purposes and has access to legal advice through its own general counsel's office and outside employment counsel.  Yet, there is no contemporaneous evidence that Defendant determined that its conduct was lawful;

c)  Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

d)  Defendant knew or had reason to know from its communications with the National Association of Professional Background Screeners that its conduct violates the FCRA;

e)  Defendant knew or had reason to know from the plentiful FCRA guidance on its own website that its conduct violates the FCRA;

f)  Defendant knew or had reason to know from its prior lawsuits and those of its parent company that its conduct violates the FCRA;

g)  Despite the pellucid statutory text and there being a depth of guidance, Defendant adopted a policy of systematically reporting dismissed charges, antedated by more than seven years, and for which the statute of limitations had run.  By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and

h)  Defendant's internally inconsistent reports could have been easily detected if Defendant had simply taken the time to review its report before sending it to its customers.

110.  Plaintiff and the Strict Procedures Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

111.    Plaintiff and the Strict Procedures Class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

112.    Plaintiff and the Strict Procedures Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3).

113.    In the alternative, Defendant violated the FCRA negligently, entitling Haley and the Class to its attorney fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Classes, prays for relief as follows:

    a)  Determining that this action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

    b)  Designating Plaintiff as representative for the Classes and designating Plaintiff's Counsel as counsel for the Classes;

    c)  Issuing proper notice to the Classes at Defendant's expense;

    d)  Declaring that Defendant committed multiple, separate violations of the FCRA;

    e)  Declaring that Defendant acted willfully, in deliberate or reckless disregard of Plaintiff's rights and Defendant's obligations under the FCRA;

    f)  Awarding statutory and punitive damages as provided by the FCRA;

    g)  Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

    h)  Granting further relief, in law or equity, as this Court may deem appropriate and just as provided by the FCRA.

RESPECTFULLY SUBMITTED AND DATED this 27th day of December, 2013.

NICHOLS KASTER, PLLP

By:  /s/ Daniel C. Bryden
     E. Michelle Drake*
     Email:  drake@nka.com
     Daniel C. Bryden*

FIRST AMENDED COMPLAINT – CLASS ACTION - 24
CASE No. 2:13-cv-01915-MJP

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Email:  dbryden@nka.com
Anna P. Prakash*
Email:  aprakash@nka.com
Nicholas D. Thompson*
Email:  nthompson@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, Minneapolis 55402
Telephone:  (612) 256-3200
Facsimile:  (612) 215-6870

*admitted *pro hac vice*

TERRELL MARSHALL DAUDT & WILLIE PLLC

By:/s/Erika L. Nusser, WSBA #40854
Beth E. Terrell, WSBA #26759
Email:  bterrell@tmdwlaw.com
Erika L. Nusser, WSBA #40854
Email:  enusser@tmdwlaw.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

*Attorneys for Plaintiff and Proposed Classes*

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878