HON. MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEATHER HALEY, as an individual and as a representative of the classes,

          Plaintiff,

    v.

TALENTWISE, INC. f/k/a TALENTWISE SOLUTIONS, LLC f/k/a INTELIUS SCREENING SOLUTIONS, LLC,

          Defendant.

NO. 13-cv-01915-MJP

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**NOTE ON MOTION CALENDAR: FRIDAY, FEBRUARY 7, 2014**

**ORAL ARGUMENT REQUESTED**

DEFENDANT'S MOTION TO DISMISS
(13-cv-01915-MJP)

**INTRODUCTION**

Plaintiff's claims against TalentWise, Inc. ("TalentWise") arise from TalentWise's provision of an employment-screening report to Plaintiff's former employer, non-party La Quinta Inns and Suites ("La Quinta"), on March 28, 2013. The report accurately disclosed Plaintiff's 2001 felony convictions and 2011 gross misdemeanor conviction. The Fair Credit Reporting Act ("FCRA") expressly permits disclosure of such records of conviction. *See* 15 U.S.C. §1681c(a)(5).

Plaintiff has no basis to claim actual damages, and she has not requested such damages in either her original Complaint or in the Amended Complaint (the "FAC"), which she filed in lieu of a response to TalentWise's December 6, 2013 motion to dismiss. FAC at 24 (Dkt. #22).[1] But Plaintiff purports to represent three nationwide classes of consumers allegedly aggrieved by TalentWise's "willful violations" of the FCRA through its "systematically reporting" old "dismissed charges," "single items of adverse information multiple times in the same report," "dismissed charges as convictions," and "internally inconsistent information." *Id.* ¶ 7. As set forth more fully below, Plaintiff bases her allegations on an unsupportable interpretation of her report and a mistaken interpretation of the FCRA, which would require consumer reporting agencies ("CRAs") to alter information derived from conviction records prior to providing it to end users and impose strict liability on CRAs for even a single discrepancy in a report.

Separate from those fatal deficiencies, Plaintiff's FAC fails to state claims for willful violations against TalentWise because (a) the conduct alleged, even if true, would be consistent with an "objectively reasonable" interpretation of the FCRA, and (b) Plaintiff has failed to allege a single specific fact to support an inference of willfulness, but instead relies exclusively

---

[1] Plaintiff filed her Complaint on October 24, 2013. TalentWise moved to dismiss on December 6, 2013, and Plaintiff filed her FAC on December 27, 2013. TalentWise now moves to dismiss the FAC.

DEFENDANT'S MOTION TO DISMISS - 1
(13-cv-01915-MJP)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

on conclusory assertions.  Lacking a factual basis for her willfulness claims, Plaintiff's FAC

advances the alternate theory that TalentWise *negligently* violated the FCRA.  Plaintiff's

negligence claims fail because she has not pled three critical elements:  (1) breach of a duty of

care, (2) actual damages, and (3) causation.  In short, all of Plaintiff's claims fail as a matter of

law and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**BACKGROUND**

TalentWise is an industry-leading provider of employment-related screening services.

Over the past five years, the Company has repeatedly been recognized by human resource

groups as a Top Provider for Quality of Service.[2]  TalentWise promotes compliance with the

FCRA through resources it makes available to its customers (and the general public) on its

website, including the full text of the FCRA, a list of obligations of end users of consumer

reports, and a summary of consumer rights under the FCRA.[3]

TalentWise carefully restricts the use of consumer reports and access to reports through

its website platform.[4]  In order to obtain a report for employment purposes, TalentWise

customers must certify that they will comply with all obligations of users of reports under the

FCRA, including obtaining written authorization from the person who is the subject of the

report *before* procuring the report itself, providing the subject with clear and conspicuous

disclosure of his or her rights under the FCRA, and providing notice to each consumer and a

---

[2] *See* TalentWise website, http://corp.talentwise.com (cited at FAC ¶17; reflecting awards from industry groups from 2007–2012); *see also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("documents whose contents are alleged in a complaint and whose authenticity no party questions … may be considered in ruling on a Rule 12(b)(6) motion to dismiss"), *overruled in part on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002.  "[E]ven if a document is not attached to a complaint, it may be incorporated. . . if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  This rule applies "to internet pages."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *accord Browne v. Avvo, Inc.*, 525 F. Supp. 2d 1249 (W.D. Wash. 2007) (Lasnik, J.).

[3] *See* TalentWise Website, http://corp.talentwise.com (cited at FAC ¶17).

[4] *See* FAC, Ex. 4 (Master Services Agreement, "Access Security Requirements").

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   copy of the report in the event that an employer plans to take an adverse action based on

2   information contained therein.[5]

3        Plaintiff Heather Haley ("Haley") is a resident of Minnesota.  In June and October 2000,

4   Haley was charged with two counts of misdemeanor theft, which were subsequently dismissed.[6]

5   In January 2001, Haley was charged with driving after suspension and driving without proof of

6   insurance, both of which were subsequently dismissed.[7]  Also in 2001, Haley was charged with

7   three felonies stemming from her participation in an armed robbery, two of which resulted in

8   convictions.[8]  In 2005, Haley began working for La Quinta.[9]  In 2011, Haley also was convicted

9   of a gross misdemeanor arising from her driving while intoxicated.[10]  In 2013, La Quinta

10  considered Haley for a promotion.[11]

11        In connection with the potential promotion, on March 26, 2013, Haley authorized La

12  Quinta to obtain a background report on Haley.[12]  La Quinta, in turn, requested a report from

13  TalentWise.[13]  On March 28, a TalentWise employee performed a quality assurance review and

14  approved the report for provision to La Quinta.[14]

15        The March 28, 2013 report included two records of criminal convictions.  With respect

16

17  [5] See FAC, Ex. 4 at 6-9 ("Background Screening Requirements").

18  [6] See Exhibit 1 to Declaration of Tyler L. Farmer (hereafter "Farmer Decl. Ex. 1"), Case Nos. 27-CR-059668 and 27-CR-00-109198.

19  [7] Farmer Decl. Ex. 1, at Case No. 27-CR-01-006976.

    [8] See FAC ¶¶ 37-38 & Ex. 10 at pp. 2-3; Farmer Decl. Ex. 1 at Case No. 27-CR-003065.

20  [9] See FAC ¶¶ 31-32.

    [10] See id. ¶¶ 40-41; Farmer Decl. Ex. 1 at Case No. 27-CR-11-33033.

21  [11] See FAC ¶ 33.

22  [12] See FAC Ex. 10 (hereafter "Pl. Ex. 10"), ("In connection with your current application, you authorized La Quinta Inns to obtain a Consumer Report, Credit Report and/or Investigative Consumer Report.").

23  [13] See FAC ¶¶ 33-34.

    [14] See FAC Ex. 11 at "System Process Log" at pages 27 of 63 (ECF Numbering).

24

DEFENDANT'S MOTION TO DISMISS - 3
(13-cv-01915-MJP)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

to the 2001 armed robbery record, it reported the information from Case Number 27-CR-01-003065, which arose from an incident on January 3, 2001.  The report includes substantially identical information as presented in the underlying conviction records:  the date of offense, level of offense, plea agreement, and sentence.  *Compare* Pl. Ex. 10, *with* Farmer Decl. Ex. 1 at 7-9 (Register of Actions for Case No. 27-CR-01-003065).  Further, the report disclosed a 2011 conviction of a gross misdemeanor DWI arising from an incident on October 21, 2011.  The actual conviction record (Case No. 27-CR-11-33033) includes a second charge "DWI – SECOND DEGREE DRIVING WHILE IMPAIRED; REFUSE TO SUBMIT TO CHEMICAL TEST" and reflects that both charges were disposed on December 6, 2011, resulting in one conviction and one dismissal.[15]  Because the October 2011 incident involved Haley's driving a motor vehicle, the same incident also was reported in the DMV Driving Records section of the March 28, 2013 report.[16]  The DMV section of the report summarizes the same two violations as the criminal record with a similar description (*e.g.*, incident date, description of charges, identity of court) as the criminal records section.  There is one difference:  the DMV Driving Records section mistakenly shows a disposition of conviction for the Breathalyzer violation, whereas the criminal county search correctly reflected that this charge was dismissed.  *Id.*  That discrepancy is the only apparent error in the report.  Under the FCRA, upon noting that error, Haley could have disputed the issue with TalentWise, which would have required TalentWise to investigate the error and issue a revised report based on its reinvestigation.[17]  *See* 15 U.S.C. § 1681i(a).  Haley does not allege that she requested a reinvestigation or alerted TalentWise that

---

[15] *See* Farmer Decl., Ex. 1.

[16] Pl. Ex. 10 at pp. 10-12.

[17] Pl. Ex. 10 (alerting Haley that she "may identify errors, inaccuracies and/or otherwise dispute the information contained in the Report by contacting the above [CRA] which provided the Report within 5 business days . . .")

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   she disputed any element of the report.

2       On the other hand, despite Plaintiff's general claim that TalentWise "systematically

3   report[s] dismissed charges that antedate the report by seven years," FAC ¶ 70, the report <u>does</u>

4   <u>not</u> include <u>any</u> reference to Plaintiff's dismissed theft charges in 2000 or any reference to the

5   dismissed 2001 traffic charges.  *Compare* Pl. Exhibit 10, *with* Farmer Decl., Ex. 1, at pp. 3-6,

6   Case Nos. 27-CR-00-059668 & 27-CR-00-109198 and at p. 10 Case No. 27-CR-01-006976.

7       On April 15, 2013, La Quinta provided Haley with a copy of the March 28 report and

8   her rights under the FCRA.[18]  Plaintiff alleges that she was fired on or around April 16, 2013

9   and requested reinstatement.  FAC ¶¶ 45- 46.  Haley does not allege that she requested a

10  reinvestigation of the allegedly inaccurate information in her report to support her request for

11  reinstatement.  On May 9, 2013, Plaintiff requested a copy of all information in her file from

12  TalentWise.  In response, on May 28, 2013, a TalentWise employee provided Haley with a copy

13  of her file and additional information, including a revised report, a summary of the sources of

14  information in the report, identification of any person(s) who procured a report on her from

15  TalentWise, and an email address and toll free telephone number to contact the TalentWise

16  Dispute Department.[19]

17      Following receipt of this information, Haley did not ask TalentWise to reinvestigate any

18  element of her report.  Instead, on October 24, 2013, Plaintiff filed the instant suit.

19                                    **ARGUMENT**

20  **I.   LEGAL STANDARD**

21      To survive a motion to dismiss, a plaintiff must plead sufficient factual matter that, if

22

23  [18] Pl. Ex. 10.

    [19] FAC Exs. 11-12.

24

DEFENDANT'S MOTION TO DISMISS - 5
(13-cv-01915-MJP)

1   accepted as true, would support a claim for relief that is plausible on its face.  *See Ashcroft v.*

2   *Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  As

3   the Supreme Court has made clear, a plaintiff must plead "factual content that allows the court

4   to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

5   556 U.S. at 678; *see also, e.g.*, *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)

6   (finding that the "non-conclusory factual content and reasonable inferences from that content

7   must be plausibly suggestive of a claim entitling the plaintiff to relief").  While the Court is

8   bound to accept Plaintiff's factual allegations as true for purposes of the motion, the same

9   deference is not afforded to Plaintiff's legal conclusions. *Pruss v. Bank of Am. NA*, No. 13-cv-

10   1447 (MJP), 2013 WL 5913431, at *2 (W.D. Wash. Nov. 1, 2013). The Court should not accept

11   as true allegations that are conclusory or that require unwarranted deductions of fact or

12   inferences.  *Iqbal*, 556 U.S. at 678-79.  Nor are courts "bound to accept as true a legal

13   conclusion couched as a factual allegation." *Id*. at 678 (citation omitted).

14          In connection with this motion, the Court may consider the factual allegations in the

15   FAC, the documents attached thereto or incorporated by reference, and the Hennepin County

16   court records which underlie every allegation in Plaintiff's FAC.  *See Bilal v. Seattle School*

17   *Dist. No. 1*, No. C12-1470-JCC, 2013 WL 5743881, at *2 (W.D. Wash. Oct. 22, 2013) ("When

18   ruling on a motion to dismiss, 'a court may take judicial notice of court filings and other matters

19   of public record.'") (quoting *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6

20   (9th Cir. 2006)); *see also, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  In

21   addition, where, as here, a document attached to the complaint contradicts an allegation in the

22   complaint, the Court may disregard that allegation as untrue.  *See, e.g., Gross v. White*, 340 Fed.

23   Appx. 527, 533 (11th Cir. 2009) ("where there is a conflict between allegations in a pleading

24

DEFENDANT'S MOTION TO DISMISS - 6
(13-cv-01915-MJP)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  and exhibits thereto, it is well settled that the exhibits control") (quotation omitted); *Stevo*

2  *Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1120 n. 6 (D. Nev. 2013) ("when a

3  written instrument contradicts allegations in a complaint to which it is attached, the exhibit

4  trumps the allegations") (quotation omitted).

5        Plaintiff's FAC asserts three causes of action under three separate sections of the FCRA.

6  In order to state a claim as to each such cause of action, she must not only plead a violation of

7  the statute itself, but she must also show that the violation was either willful or negligent.  *See,*

8  *e.g.*, *United States v. Bormes*, -- U.S. --, 133 S. Ct. 12, 15 (2012) ("FCRA imposes civil liability

9  for willful or negligent noncompliance with its requirements"); *see also* 15 U.S.C. §§ 1681n-

10  1681o.  Further, in order to maintain a claim for negligence, she must also show that the

11  violation caused her to suffer actual damages.  *See, e.g.*, *Perl v. Am. Exp.*, No. 11 Civ.

12  7374(KBF), 2012 WL 178333, at *4 (S.D.N.Y. Jan. 19, 2012) (dismissing negligence claims

13  because the complaint did not adequately allege that the defendant's FCRA violation

14  "proximately caused actual injury to the plaintiff"); *Reeves v. Equifax Info. Servs., LLC*, No.

15  2:09cv43KS-MTP, 2010 WL 2036661, at *6 (S.D. Miss. May 20, 2010) ("Pursuant to 15 U.S.C.

16  § 1681o, to recover for negligent violations under the FCRA, the plaintiff must prove that [the

17  defendant] proximately caused him actual damages.").  Plaintiff's FAC does not satisfy any of

18  these standards.

19  **II.**    **PLAINTIFF'S FIRST CAUSE OF ACTION SHOULD BE DISMISSED**
20          **BECAUSE THE REPORT'S STATEMENT OF HER RECORDS OF**
        **CONVICTION COMPLIED WITH THE FAIR CREDIT REPORTING ACT.**

21      A.    <u>Plaintiff's First Claim Does Not Assert An Underlying Violation of the FCRA,</u>
        <u>Because the Statute Permits Disclosure of Records of Conviction</u>.

22

23        The public record of Plaintiff's criminal convictions, consistent with the allegations in

24  the FAC, reflects that on January 10, 2001, Haley was charged with three counts of aggravated

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   robbery which arose from an incident that occurred on January 3, 2001.  Pl. Ex. 10; Farmer

2   Decl. Ex. 1.  Plaintiff was convicted on the first and third counts, while the second count was

3   dismissed.  *Id.*  Twelve years later, when TalentWise prepared a report on her criminal

4   background and provided it to La Quinta, it included this entire conviction record.  *Id.*  Plaintiff

5   concedes that her two convictions were properly included.  But, she contends that the disclosure

6   of the dismissed charge violated 15 U.S.C. § 1681c(a)(5), which precludes the inclusion of

7   "adverse item[s] of information, other than records of convictions of crimes[,] which antedate[]

8   the report by more than seven years."[20]  This theory is meritless, because the TalentWise report

9   contained the actual information from the public court record of Plaintiff's felony convictions

10  for armed robbery—a public court record that also included the dismissed charge.

11      Federal law does not specifically define the term "records of convictions of crimes"

12  under Section 1681c(a)(5).  However, in light of the fact that Plaintiff was convicted under

13  Minnesota law, Minnesota law also should govern the contents of her conviction "record" in

14  this instance.  *See* Farmer Decl. Ex. 1.  Minnesota courts have ruled that whether multiple

15  charges (including charges that have been dismissed) are part of the same or separate conviction

16  records depends on whether they relate to the same or separate incidents.  *See, e.g.*, *State v.*

17  *A.V.G.*, No. A09-892, 2010 WL 935357, at *2 (Minn. Ct. App. Mar. 16, 2010) (denying

18  expungement of record of dismissed charge because it arose "out of the same incident" as a

19  charge that led to conviction) (citing *State v. J.R.A.*, 714 N.W.2d 722, 727 (Minn. Ct. App.

20

21  ---

    [20] Plaintiff also contends that this information should have been excluded under § 1681c(a)(2), which applies to
22  "records of arrest."  FAC ¶ 83.  That legal conclusion is plainly wrong, as Plaintiff alleges that TalentWise
    improperly included a criminal **charge** in its report, not an **arrest**.  *See* Pl. Ex. 10; *see also Moran v. The Screening*
    *Pros, LLC*, No. 2:12-cv-05808-SVW-AGR, 2012 U.S. Dist. LEXIS 189350, at *13-14 (C.D. Cal. Nov. 20, 2012)
23  (holding that Section 1681c(a)(5) applied, rather than Section 1681c(a)(2), because the pertinent consumer report
    did not include an "arrest record" when it "disclosed only the filing of a criminal charge . . .").

24

DEFENDANT'S MOTION TO DISMISS - 8
(13-cv-01915-MJP)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

2006)); *State v. P.J.M.*, No. A10-56, 2010 WL 3220138, at *3 (Minn. Ct. App. Aug. 17, 2010) (similar).

The only plausible reading of Plaintiff's FAC and her conviction record is that she was charged with three counts of "Aggravated Robbery First Degree" arising out of ***the same incident***, which resulted in two felony convictions that were set forth in a single public record which also contained the dismissal.  Farmer Decl. Ex. 1; Pl. Ex. 10.  As a result, under Minnesota law, all three charges are part of the same conviction record, and they all fall squarely within the Section 1681c(a)(5) exclusion for "records of conviction."  Accordingly, they were all properly disclosed together in TalentWise's report to La Quinta.

This assessment of what properly constitutes the record of conviction is consistent with Congress's overarching goal in enacting the FCRA, which was to "address the dual purpose of accuracy and confidentiality."  *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1074 n. 5 (9th Cir. 2001).  In furthering that dual purpose, Congress has made the decision to permit the disclosure of records of convictions—no matter how old—in consumer reports.  *See* 15 U.S.C. § 1681c(a)(5).  The disclosure of Plaintiff's dismissed charge is a function of the actual content of the Minnesota conviction records system.  Further, the inclusion of that count had no material impact on the substance of the record provided to La Quinta:  had it been omitted, the employer still would have learned that a single armed robbery had occurred leading to two convictions. The actual conviction record in fact included references to the third charge but this information merely made the report more complete and accurate without supplying any independently adverse information.  *See, cf.*, *Obabueki v. Choicepoint, Inc.*, 236 F. Supp. 2d 278, 284

DEFENDANT'S MOTION TO DISMISS - 9
(13-cv-01915-MJP)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   (S.D.N.Y. 2002) ("a finding that there is no liability for the disclosure of publicly available

2   records is more consistent with the FCRA's principles of truthful reporting").[21]

3       In light of the fact that all three of Plaintiff's armed robbery charges were properly

4   included in TalentWise's report as part of the same conviction record, pursuant to 15 U.S.C. §

5   1681c(a)(5), Plaintiff cannot state a claim under the FCRA as to her first cause of action.

6       B.    Even Assuming, Arguendo, that the Report's Inclusion of the Dismissed Felony
              Charge Violates the FCRA, Plaintiff Fails to State a Claim for Willful Violation
7             as a Matter of Law.

8             1.    TalentWise's Interpretation of the FCRA Was Not "Objectively
                    Unreasonable."
9

10      Plaintiff's first cause is predicated on a purported violation of 15 U.S.C. § 1681c(a),

11  which does not give rise to a cause of action.  Thus, Plaintiff instead seeks relief pursuant to

12  Section 1681n(a), which permits recovery against "[a]ny person who ***willfully*** fails to comply

13  with any requirement imposed under" the FCRA.  *See* 15 U.S.C. § 1681n(a) (emphasis added).

14  This distinction is critical, because it means that Plaintiff can only prevail if she shows that

15  Defendant's alleged violations were "willful."  The FAC does not meet this standard.

16      In order to plead a "willful" violation, a plaintiff must sufficiently allege "that the

17  defendant violated the FCRA either knowingly or recklessly."  [*See, e.g.*, *Harms v. BAC Home*

18  *Loans Serv., LP*, No. C 11-02757 CW, 2011 WL 5884137, at *4 (N.D. Cal. Nov. 23, 2011)]

19  (dismissing plaintiff's Section 1681n complaint because his allegations of willfulness were

20  conclusory).  This standard is not satisfied if the defendant's alleged conduct is consistent with

21  _____

22  [21] TalentWise's provision of the information contained in the actual record of conviction is also consistent with the
    Federal Trade Commission guidance that a CRA may provide actual court records to employers.  *See* Federal Trade
    Commission, *Forty Years of Experience with the Fair Credit Reporting Act,* , July 2011, at p. 22, Section 6, F
23  (interpreting definition of consumer report:  "For example when a private investigator who compiles and *provides
    court documents* to employer clients requests criminal or civil records on employees or job applicants, the
24  investigator is a CRA providing a 'consumer report.'") (emphasis added).

DEFENDANT'S MOTION TO DISMISS - 10
(13-cv-01915-MJP)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

an objectively reasonable interpretation of the FCRA—*even if that interpretation is wrong*. The United States Supreme Court explained this standard in *Safeco Insurance Co. of Am. v. Geico*, 551 U.S. 47 (2007), which is the seminal opinion on this issue:

> [A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.
>
> Here, there is no need to pinpoint the negligence/recklessness line, for Safeco's reading of the statute, albeit erroneous, was not objectively unreasonable. . . . While we disagree with Safeco's analysis, we recognize that its reading has a foundation in the statutory text . . ., and a sufficiently convincing justification to have persuaded the District Court to adopt it and rule in Safeco's favor.

*Id.* at 69-70. The Court reasoned, in part, that the defendant's statutory interpretation was reasonable because "no court of appeals had spoken on the issue" in that case. *Id.* at 70. Further, the Court made clear that this question can and should be decided *as a matter of law*, without the need to evaluate the defendant's actual knowledge or intent:

> To the extent that [plaintiffs] argue that evidence of subjective bad faith can support a willfulness finding even when the company's reading of the statute is objectively reasonable, their argument is unsound. Where, as here, the statutory text and relevant court and agency guidance allow for more than one reasonable interpretation, it would defy history and current thinking to treat a defendant who merely adopts one such interpretation as a knowing or reckless violator. Congress could not have intended such a result for those who followed an interpretation that could reasonably have found support in the courts, whatever their subjective intent may have been.

*Id.* at 70 n. 20.

Since *Safeco*, district courts have held that a complaint does not adequately plead willfulness if the defendant can articulate an objectively reasonable interpretation of the statute under which the conduct alleged would be lawful. For example, in *Kivo v. Blumberg Exelsior*, -- F. Supp. 2d --, 2013 WL 6064229 (E.D.N.Y. Nov. 16, 2013), the plaintiff alleged that the defendant willfully had violated 15 U.S.C. § 1681c(g), and sought relief pursuant to Section

DEFENDANT'S MOTION TO DISMISS - 11
(13-cv-01915-MJP)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  1681n.  The parties disputed whether the plaintiff's allegations, even if true, actually gave rise

2  to a violation of Section 1681c.  The court dismissed the plaintiff's complaint without resolving

3  that dispute, holding that "the Defendant was not willfully non-compliant with [Section 1681c]

4  because, absent clear guidance from the Supreme Court or the Second Circuit, the Defendant's

5  interpretation of Section 1681c . . . [was] not objectively unreasonable."  *Id.* at *7.

6      Here, even if the Court determines that TalentWise's report of Plaintiff's felony

7  convictions should have been redacted to omit reference to the dismissed charge stemming from

8  the same incident (which TalentWise believes is inconsistent with a correct reading of the

9  FCRA), TalentWise's interpretation of the exclusion for "records of convictions of crimes" in

10  Section 1681c(a) still would be objectively reasonable.  *See supra* II.A.  As a result, Plaintiff

11  cannot sustain a plea of a "willful" violation of that statute, as a matter of law.

12      As in *Safeco*, even if this Court ruled against TalentWise on the proper interpretation of

13  the FCRA in this context, there is no existing "clearly established" federal authority inconsistent

14  with that interpretation.[22]  Rather, the best available guidance comes from Minnesota case

15  law—and that case law supports TalentWise's position that Plaintiff's dismissed charge was

16  part of the same "record" as her convictions, and thus could be disclosed to her employer in

17  accordance with Section 1681c(a)(5).  *Supra* II.A.  For this reason, this Court does not even

18  need to reach the question of whether TalentWise's interpretation of Section 1681c(a) is

19  *correct*.  If it is *reasonable*, that conclusion suffices to require dismissal of a claim under

20  Section 1681n.  *See, e.g.*, *Simonoff v. Kaplan, Inc.*, No. 10-cv-2923 (LMM), 2010 WL 4823597,

21  at *2-3 (S.D.N.Y. Nov. 29, 2010) ("This Court finds that [defendant's] reading of Section

22

23  [22] Plaintiff's general allegations regarding the FCRA, TalentWise's contractual terms, and FTC guidance shed no light on the specific issue of what information constitutes a record of conviction.  Plaintiff's FAC fails to provide any authority supporting its claim of willful violation.

24

DEFENDANT'S MOTION TO DISMISS - 12
(13-cv-01915-MJP)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   1681c(g) is objectively reasonable, and thus [defendant] cannot be held liable under Section

2   1681n for willful violation. . . .  This finding makes it unnecessary to resolve the merits of

3   [defendant's] interpretation of Section 1681c(g).") (citation omitted).  Plaintiff's first cause of

4   action should be dismissed for failure to state a claim.

5              2.      Plaintiff's Conclusory Allegations Fail Under *Twombly* and *Safeco*.

6         Plaintiff may argue in response that her Complaint should not be dismissed because it

7   alleges that TalentWise engages in a "practice" of "[r]eport[ing] dismissed charges that antedate

8   the report by seven years or more and for which the statute of limitations has run."  FAC ¶ 56.

9   This theory fails for at least two independently sufficient reasons.

10        First, Plaintiff's factual allegation as to TalentWise's conduct in this case is that it

11  reported three felony charges, two of which resulted in convictions, arising out of the same

12  incident.  *Supra* II.A.  Lacking any other allegations of fact supporting her conclusory

13  allegations that TalentWise "systematically" reports outdated criminal charges, Plaintiff cites to

14  four unrelated lawsuits filed across the country (over a five-year period).  None of those

15  lawsuits included allegations of reporting obsolete criminal charges.[23]  Indeed, Plaintiff has not

16  supported her allegations with even a single example of another instance in which TalentWise

17  allegedly reported "old dismissed charges" or "single items of adverse information multiple

18  times in the same report."  FAC ¶ 7.

19        Of course, even if such evidence existed, it would have no bearing on the instant claim,

20  which is predicated on TalentWise's treatment of this specific record under an interpretation of

21  the FCRA that is objectively reasonable.  At most such a factual allegation (which is absent)

22

---

23  [23] *See* FAC Ex. 13 (allegation of error in 2011 report that defendant reinvestigated); Ex. 14 (allegation that 2010 criminal report was for different person); Ex. 15 (allegation that 2012 report included disputed and outdated credit information); Ex. 16 (allegation of error in 2008 report that defendant reinvestigated).

24

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  would bear on intent, which is irrelevant.  *See Safeco*, 551 U.S. at 70 n. 20 ("To the extent that

2  [plaintiffs] argue that evidence of subjective bad faith can support a willfulness finding even

3  when the company's reading of the statute is objectively reasonable, their argument is

4  unsound."); *see also, e.g., Kivo*, 2013 WL 6064229, at *4 (dismissing complaint because the

5  defendant's interpretation of the FCRA was reasonable, and explaining that "whether the

6  Defendant *actually* acted" on that interpretation was "irrelevant") (emphasis in original).

7      Second, even if TalentWise's alleged subjective intent bore on the issue here, Plaintiff's

8  conclusory allegations fall woefully short of meeting the standard articulated in *Twombly*.

9  Plaintiff does not point to a single alleged *fact* underlying her conclusory assertion regarding

10  TalentWise's allegedly  systematic "practice[s]."  *See, e.g., Callahan v. Equifax Info. Servs.*

11  *LLC*, No. 13-cv-2181 (WHA), 2013 WL 4425852, at *2 (N.D. Cal. Aug. 15, 2013) (plaintiff's

12  willfulness allegation fell "short of the standard established by *Iqbal* and *Twombly*" because the

13  complaint alleged only that plaintiff believed defendant continued violating the FCRA after

14  receiving notice of dispute, without explaining the factual basis for that belief).  Indeed, Haley's

15  own allegations and the public court record of her criminal history directly contradict her

16  unsupported general assertion.  The March 28, 2013 report itself <u>did not</u> report Plaintiff's

17  dismissed criminal charges from two counts of theft in 2000 or the dismissed criminal charges

18  from two traffic misdemeanors in January 2001.  Pl. Ex. 10.  Plaintiff's own exhibit and the

19  public court record therefore eviscerate her repeated boilerplate allegations supporting her

20  willfulness claim.  *See, e.g*, FAC ¶¶ 7, 9, 51, 55-56, 70, 83-84 (alleging, without any factual

21  basis, that TalentWise was "systematically reporting dismissed criminal charges that antedate

22  the report by seven years….").

23

24

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

In sum, Plaintiff's conclusory allegations fail to state a claim for willful violation relating to TalentWise's presentation of Plaintiff's records of conviction.

C.     Plaintiff's Alternative "Negligence" Theory Must Fail Because She Has Not Pled Actual Damages or Causation.

After TalentWise moved to dismiss Plaintiff's Complaint on the ground that she failed to adequately allege willfulness, Plaintiff amended her Complaint to add an alternative negligence theory pursuant to 15 U.S.C. § 1681o(a)(2). FAC ¶ 87. But, Plaintiff did not plead a single *fact* to support that alternative claim, and her FAC is devoid of any allegations that would support an inference that TalentWise's conduct has been negligent. The absence of such allegations is reason enough to dismiss this alternative cause of action.

Moreover, unlike a claim for a willful violation of the FCRA, a negligence claim requires proof of two additional elements: actual damages and proximate causation. *See, e.g.*, *Perl*, 2012 WL 178333, at *4 (dismissing negligence claims because the complaint did not adequately allege that the defendant's FCRA violation "proximately caused actual injury to the plaintiff"). Plaintiff has not made any allegation that she suffered actual damages as a result of TalentWise's allegedly actionable conduct. Although Plaintiff asserts that La Quinta terminated her because of TalentWise's report, she concedes that most of the information contained in that report (including her two robbery convictions) was properly included, and she does not allege that she would not have been fired but-for the inclusion of additional, erroneous information (such as the armed robbery charge that was dismissed). *See, e.g.*, *Wu v. Trans Union*, No. AW-03-1290, 2006 WL 4729755, at *11 (D. Md. May 2, 2006) (dismissing claim for negligent violation of the FCRA on summary judgment because the violation "did not serve as the 'but for cause to all damages' suffered by Plaintiff"). Indeed, Plaintiff tacitly acknowledges that she has suffered no injury in this case, as she does not even purport to seek relief in the form of actual

DEFENDANT'S MOTION TO DISMISS - 15
(13-cv-01915-MJP)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   damages.  FAC ¶ 87; *see also id.* at 24.

2       In light of Plaintiff's failure to plead actual damages or causation in connection with the

3   inclusion of the dismissed charge in her report, Plaintiff's negligence theory must be dismissed.

4   **III.   PLAINTIFF'S SECOND AND THIRD CAUSES OF ACTION SHOULD BE
        DISMISSED BECAUSE SHE DOES NOT ADEQUATELY ALLEGE THAT
5       TALENTWISE WILLFULLY OR NEGLIGENTLY VIOLATED THE FCRA**

6       Plaintiff's second cause of action asserts that TalentWise violated 15 U.S.C. § 1681e(b),

7   which requires a CRA to "maintain reasonable procedures to maximize possible accuracy of

8   information included in consumer reports."  FAC ¶¶ 88-100.  Further, her third claim is that

9   TalentWise allegedly violated 15 U.S.C. § 1681k(a), which requires a CRA to provide notice to

10  consumers under certain circumstances or, in the alternative, to maintain "strict procedures" to

11  keep public records information "complete and up to date."  *Id.* ¶¶ 101-113.  In light of the fact

12  that Plaintiff's claims under both of these statutes must be premised on alleged deficiencies in

13  TalentWise's procedures—as opposed to merely inaccuracies in a consumer report—

14  TalentWise addresses them together, below.  These two claims must be dismissed for at least

15  the following reasons.

16      *First*, Plaintiff does not make a single non-conclusory allegation supporting an inference

17  that TalentWise's procedures for maximizing accuracy or completeness were inadequate.  In

18  fact, she points only to a single discrepancy in a report covering over ten years of her criminal

19  records history and improperly speculates, in a conclusory fashion, about TalentWise's broader

20  "practices."  *Second*, Plaintiff does not adequately allege that TalentWise's conduct was willful.

21  *Third*, Plaintiff similarly fails to allege that TalentWise's conduct was negligent or that it caused

22  her to suffer actual damages.  *Finally*, Plaintiff's third cause of action arising under Section

23  1681k, must be dismissed for the independent reason that Plaintiff does not allege that her

24

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

report was inconsistent with the information in the underlying Minnesota Department of Public Safety ("DMV") driving records.

A.   Plaintiff Does Not Allege a Violation of the FCRA:  Her Sole Allegations Regarding the Adequacy of TalentWise's Procedures Are Conclusory.

Plaintiff's FAC does not adequately allege that TalentWise lacks the "reasonable" and/or "strict" procedures required under Sections 1681e or 1681k.  Rather, she improperly relies on conclusory allegations reciting the requirements of the statute (and claiming they have not met been met), without a pointing to a single *fact* in support of those claims.  *See, e.g.*, *Jones v. City of Fresno*, No. 1:12-CV-01797-LJO-GSA, 2013 WL 796620, at *10 (E.D. Cal. Mar. 4, 2013) (plaintiff's allegations that the defendant engaged in "severe [and] pervasive" harassment, without additional allegations of fact, "exemplify 'bare assertions amounting to nothing more than a formulaic recitation of the elements that are not entitled to be assumed true'") (internal punctuation omitted) (quoting *Iqbal*, 129 S. Ct. at 1951).  For example, Plaintiff alleges that "Defendant's procedures were such that its reports indicated that members of the Maximum Possible Accuracy Class were convicted of crimes when in fact the charges were dismissed," but nowhere does she explain any *factual* basis for that allegation beyond the fact that there was a single inaccuracy in her own report.  *See* FAC ¶ 89.  In the absence of any such allegations, this cause of action must be dismissed.

Plaintiff may respond that the existence of an alleged inaccuracy in her own report is sufficient to overcome this obstacle to recovery.  But under that theory, 15 U.S.C. §§ 1681e(b) and 1681k(a) would give rise to liability any time a CRA makes a mistake in preparing a particular report—regardless of whether it maintains adequately "reasonable" or "strict" procedures to avoid such mistakes—contrary to the purpose and express language of the statute. *See, e.g.*, *Moore v. First Advantage Enter. Screening Corp.*, No. 4:12 CV-792, 2013 WL

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1   1662959, at *6 (N.D. Ohio Apr. 17, 2013) (finding defendant did not violate Section 1681k,

2   despite inaccuracy in consumer report, because it maintained strict procedures to ensure

3   accuracy; "it is axiomatic that the FCRA is not a strict liability statute").  For this reason, a

4   plaintiff's allegation that her report contained an inaccuracy cannot give rise to an inference that

5   the defendant's procedures were inadequate unless the "evidence of inaccuracy" is of such a

6   nature that it, standing alone, "permits the conclusion that a [CRA's] accuracy-assuring

7   procedures are unreasonable."  *See, e.g.*, *Saenz v. Trans Union, LLC*, 621 F. Supp. 2d 1074,

8   1080 (D. Or. 2007).  Therefore, in this case, the Court must look at the nature of the Plaintiff's

9   allegations to determine whether, as a matter of law, they could possibly justify an inference

10  that TalentWise does not maintain adequate procedures to prevent inaccuracies.  Here, after

11  months of preparing her complaints against TalentWise, Plaintiff's sole specific allegation

12  concerns a single discrepancy in her report – the sort of inadvertent error that the FCRA

13  addresses through the dispute and reinvestigation process.  *See* 15 U.S.C. § 1681i(a).  Plaintiff

14  cannot allege that TalentWise violated its reinvestigation obligations, because Plaintiff never

15  triggered the process set forth by the FCRA.  Thus, Plaintiff's willfulness allegations rest on a

16  single alleged discrepancy in a report (out of the many thousands issued by TalentWise around

17  the country), which are undercut by the Plaintiff's own exhibit, which reflects TalentWise's

18  procedures to ensure accuracy.[24]

19       Indeed, the absence of facts supporting an inference of willfulness here is underscored

20  by the cases cited in Plaintiff's FAC.  For example, in *Smith v. HireRight Solutions, Inc.*, 711 F.

21  Supp. 2d 426 (E.D. Pa. 2010), the plaintiff adequately stated a claim because she alleged that

22  the defendant **repeatedly** had issued misleading reports—including *three* separate reports related

23

24

---

[24] Pl. Ex. 11 (reflecting use of Social Security Number, Name, and Date of Birth as subject identifiers, cross-referencing of different sources and, at p. 27, Quality Assurance Review).

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    to the plaintiff alone—which gave rise to an inference that the defendant's procedures were

2    inadequate.  *Id.* at 434-35.  Here, by contrast, the Court should reject Plaintiff's attempt to infer

3    a pattern of inaccuracies based solely on a single alleged discrepancy in one report.  If adopted,

4    Plaintiff's view would convert the FCRA into a strict liability statute—a result that Congress

5    expressly sought to avoid.

6             B.      <u>Plaintiff Makes Only Conclusory Allegations Regarding Willfulness.</u>

7             As with her first claim, Plaintiff does not make a single non-conclusory allegation

8    supporting the theory that TalentWise **willfully** violated the FCRA by producing an inaccurate

9    report.  For example, Plaintiff does not allege facts from which the Court could infer that

10   TalentWise intentionally included an inaccurate conviction in her report or knowingly

11   maintained inadequate procedures to prevent such an occurrence.  Rather, the factual allegations

12   are consistent with the possibility that the incident alleged in the FAC was an isolated mistake.

13   *See, e.g.*, *In re Countrywide Fin. Corp. Mortgage-Backed Secs. Litig.*, No. 2:11-ML-02265-

14   MRP (MANx), 2012 WL 3578666, at *2 (C.D. Cal. Aug. 17, 2012) (claim must be dismissed

15   where allegations are "equally consistent with non-culpable behavior"); *In re Graphics*

16   *Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1023 (N.D. Cal. 2007) (dismissing

17   allegations that were "consistent with conspiracy" as they were "equally consistent with lawful

18   conduct").

19           Further, Plaintiff's claim that the inclusion of duplicate criminal charges in her report

20   was somehow misleading is based on an unreasonable interpretation of the report itself.

21   Because Plaintiff's 2011 DWI involved Plaintiff's unlawful use of a motor vehicle, the same

22   information is reported in the sections of the report regarding her DMV record and her criminal

23   history.  Plaintiff's theory is that a reader of the report would mistakenly conclude that she was

24

DEFENDANT'S MOTION TO DISMISS - 19
(13-cv-01915-MJP)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    charged with four crimes, based on the inclusion of nearly identical information about two

2    charges arising from the same October 2011 incident in each of these sections.  Pl. Ex. 10.  But

3    Plaintiff cannot premise an FCRA claim on a reading of the report that is unreasonable as a

4    matter of law.  For example, in *Lewis v. Trans Union, LLC*, No. 13-cv-229, 2013 WL 3456999

5    (E.D. Cal. July 9, 2013), the plaintiff alleged that the defendant's consumer report was

6    misleading because it "double reported" the same debt under different headings.  *Id* at *1.  The

7    court dismissed the plaintiff's claim, holding that under a "reasonable interpretation" of the

8    report, plaintiff's debt was accurately represented.  *Id*. at *4.  The same result is appropriate

9    here, where the only reasonable interpretation of the TalentWise report is that Plaintiff was

10   charged with two DWI-related counts arising from an incident in October 2011, which Plaintiff

11   concedes is accurate.  TalentWise's report presented the information in a well-organized, clearly

12   labeled fashion.  No reasonable interpretation of the criminal records summary and DWI

13   charges would result in confusion, as a matter of law.

14           In light of the foregoing analysis, even if the Court were to decide that the report **may** be

15   misleading insofar as it included the same criminal charges in two sections, Plaintiff's claim

16   should be dismissed because she has not alleged willfulness.  As set forth above, the U.S.

17   Supreme Court has ruled that a defendant does not "willfully" violate the FCRA, as a matter of

18   law, if its conduct is consistent with an objectively reasonable interpretation of the statute.

19   *Safeco*, 551 U.S. at 69-70.  Relying on that decision, district courts dismiss claims asserted

20   under Section 1681n where the defendant can articulate an objectively reasonable statutory

21   interpretation under which the conduct alleged in the complaint would be lawful.  *Supra* II.B.1.

22   The same result is warranted here.  TalentWise's position that the FCRA permits it to disclose

23   Plaintiff's motor vehicle-related criminal records under two headers—"Criminal County

24

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    Search" and "DMV Driving Records"—is objectively reasonable. *Supra* III.A. That is

2    particularly true in light of the level of detail in the report, which was sufficient to inform any

3    reasonable person that both sections were describing the same two incidents, as a matter of law.

4    *Supra* III.A. TalentWise's presentation also is consistent with the presentation of the October

5    2011 DWI incident in the underlying Hennepin County court records. Farmer Decl., Ex. 1, at

6    pp. 10-12. Plaintiff's second cause of action should be dismissed because she has failed to

7    plead facts supporting a conclusion that TalentWise willfully violated Section 1681e(b).

8            C.      Plaintiff Fails to Plead Injury or Causation in Support of Her Negligence Theory.

9            Once again recognizing the weakness in her willfulness allegations, Plaintiff has added a

10   negligence theory in her FAC. FAC ¶ 100. But again, she has made no allegations regarding

11   the key elements of her claim: that TalentWise was negligent, or that Plaintiff suffered an

12   injury that was proximately caused thereby.[25] As a result, Plaintiff's alternative negligence

13   theory must be dismissed for failure to plead the essential elements of her claim. *Supra* II.C.

14           D.      Plaintiff Did Not Plead a Violation of Section 1681k Because She Does Not
                     Allege That Her Report Was Inconsistent With Public Records

15           Finally, Plaintiff's third cause of action arising under Section 1681k must fail for the

16   independent reason that she does not allege that the information in her report is inconsistent

17   with public records. The FCRA specifically provides that "items of public record relating to

18   arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered

19   up to date if the current public record status of the item at the time of the report is reported." 15

20

21   ───────────────────────
     [25] Plaintiff does allege that La Quinta "stated that it would not rehire her," ***after*** having already fired her,
22   "in part because it believed she had been convicted of refusing to take a Breathalyzer test." FAC ¶ 46.
     This does not demonstrate but-for causation because it does not reflect that La Quinta would have
23   rehired Haley had she been convicted solely of drunk driving, as opposed to both drunk driving and
     refusing to take a Breathalyzer test. *See, e.g.*, *Wu* 2006 WL 4729755 at *11 (FCRA negligence claim
24   requires proof of "but-for" causation).

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

U.S.C. § 1681k(a)(2).  Plaintiff's charge for refusing a Breathalyzer test was reported in two different sections of her report.  The "Criminal County Search" section is consistent with her public criminal records, insofar as it reports that the charge was dismissed.  *Supra* p. 4.  The "DMV Driving Records" section indicates that the charge resulted in a conviction, but Plaintiff *does not allege that it is inconsistent with her DMV public record.*[26]  In light of Plaintiff's failure to plead that her report was inconsistent with "the current public record status" of the charges against her, she has failed to state a claim under Section 1681k(a).

## IV.    PLAINTIFF'S THIRD CLASS DEFINITION SHOULD BE STRICKEN BECAUSE IT CONSTITUTES A "FAIL-SAFE" CLASS.

Plaintiff purports to represent three separate classes in this case.  In the event the Court does not dismiss the FAC in its entirety, TalentWise moves to strike the "Strict Procedures Class" pertaining to Plaintiff's third cause of action, because it is clear from the face of Plaintiff's FAC that it constitutes an impermissible fail-safe class.  *See* FAC ¶ 74; *see also, e.g.*, *Kissling v. Ohio Cas. Ins. Co.*, No. 5:10-22-JMH, 2010 WL 1978862, at *2 (E.D. Ky. May 14, 2010) (agreeing that "because the proposed class is a fail-safe class which is fatally flawed, the Court may dismiss the class allegations at the pleadings stage").[27]

This definition would create an impermissible "fail-safe" class, and thus should be stricken from Plaintiff's FAC.  A class is "fail-safe" where the court would need to decide one or more aspects of the merits of the case in order to determine whether someone is a class

---

[26]  In fact, Plaintiff's DMV record also indicates a 10/21/11 DRIVING WHILE UNDER INFLUENCE – PLED and a 10/22/11 IMPLIED CONSENT – REFUSAL, and does not indicate that the latter charge was dismissed, which is consistent with the TalentWise report's DMV section. Tyler Decl. Ex. 2 (Plaintiff's Minnesota DMV driving record).

[27]  Plaintiff has defined the "Strict Procedures Class" as follows:

   a)  All individuals on whom Defendant prepared a report for employment purposes . . . <u>which contained an adverse item of public record information</u>; and

   b)  To whom Defendant <u>did not send the notice required by 15 U.S.C. § 1681k(a)(1)</u>.

FAC ¶ 74 (emphasis added).

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1    member.  For example, in *Brazil v. Dell, Inc.*, 585 F. Supp.2d 1158 (N.D. Cal. 2008), the

2    plaintiff proposed to represent a class of individuals who purchased computer products that

3    were "falsely advertised."  *Id.* at 1167.  The court struck the plaintiff's class allegations on the

4    defendant's motion to dismiss, because they would have required the court "to reach a legal

5    determination that [the defendant] had falsely advertised" in making decisions about class

6    membership.  *Id.*

7        The rule forbidding "fail-safe" class definitions serves a critical purpose.  Where "a

8    decision on the merits of a person's claim is needed to determine whether a person is a member

9    of a class," such that the class is fail-safe, "the proposed class action is unmanageable virtually

10    by definition."  *Heffelfinger v. Elec. Data Sys. Corp.*, No. 07-cv-101, 2008 WL 8128621, at *5

11    (C.D. Cal. Jan. 07, 2008).  Indeed, permitting a fail-safe class to go forward fundamentally

12    threatens the due process rights of a defendant because "the class definition precludes the

13    possibility of an adverse judgment against class members; the class members either win or are

14    not in the class."  *See Genenbacher v. CenturyTel Fiber Co., II,* 244 F.R.D. 485, 488 (C.D. Ill.

15    2007).

16        Plaintiff's proposed class is fail-safe because it would include individuals on whom

17    TalentWise prepared a report "which contained an adverse item of public record information"

18    and to whom TalentWise "did not send the notice required by 15 U.S.C. § 1681k(a)(1)."  FAC ¶

19    74.  These aspects of the definition parallel elements of a claim under Section 1681k.  Thus, to

20    determine whether an individual belongs in this class, the Court would need to decide the merits

21    of these elements as to his or her claim.  For example, Plaintiff may assert that a class member's

22    report included "an adverse item" because of the manner in which the report presented

23    information, whereas TalentWise may dispute that claim (*e.g.*, where a report identifies a debt

24

DEFENDANT'S MOTION TO DISMISS - 23
(13-cv-01915-MJP)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  but notes that the debt has been forgiven).  This issue could require a fact-intensive analysis,

2  depending on the nature of each person's claims.  *See, cf.*, *Schweitzer v. Equifax Information*

3  *Solutions LLC*, 441 Fed. Appx. 896, 902-03 (3d Cir. 2011) (finding genuine issues of material

4  fact "concerning whether inaccurate information was included in [plaintiff's] report").

5  Similarly, the parties may dispute whether a class member received notice under Section

6  1681k(a), such as where TalentWise did not send notice directly but effectively provided it via

7  an employer.  *See, e.g.*, *Moore v. First Advantage Enter. Screening Corp.*, No. 4:12 CV00792,

8  2013 WL 1662959, at *5 n. 8 (N.D. Ohio Apr. 17, 2013) (plaintiff received notice in accordance

9  with Section 1681k through employer).  Thus, to determine whether any individual is in the

10  class, the Court would need to hold a trial on the merits of these issues.

11       Moreover, if TalentWise refuted an individual's class membership on these grounds, the

12  result would not resolve that person's claims.  Rather, the person would be excluded from the

13  class, and thus would not be bound by the final judgment in this case.  TalentWise therefore

14  could be forced to *relitigate* the same claim in a separate action, possibly resulting in an

15  inconsistent verdict on the same issues.  This result would undermine TalentWise's due process

16  rights, and it exemplifies why courts do not permit fail-safe class definitions.  Accordingly, the

17  Court should strike Plaintiff's "Strict Procedures Class."

18                                      **CONCLUSION**

19       For the foregoing reasons, TalentWise requests that the Court dismiss Plaintiff's First

20  Amended Complaint with prejudice.  In the alternative, if the Court does not dismiss Plaintiff's

21  third cause of action, it should strike Plaintiff's "Strict Procedures Class."

22       DATED this 10th day of January, 2014.

23

24

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

CALFO HARRIGAN LEYH & EAKES LLP

By /s/ *Arthur W. Harrigan, Jr.*
By /s/ *Tyler L. Farmer*
By /s/ *Damon C. Elder*

Arthur W. Harrigan, Jr., WSBA #1751
Tyler L. Farmer, WSBA #39912
Damon C. Elder, WSBA #46754
999 Third Avenue, Suite 4400
Seattle, WA  98104
Tel:  (206) 623-1700
Fax:  (206) 623-8717
Email:  arthurh@calfoharrigan.com
Email:  tylerf@calfoharrigan.com
Email:  damone@calfoharrigan.com

Attorneys for Defendant TalentWise Inc.

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2014, I caused the foregoing to be electronically

filed with the Clerk of the Court using the CM/ECF system which will send notification of such

filing to the following:

> Beth E. Terrell - bterrell@tmdwlaw.com
> Daniel C. Bryden - dbryden@nka.com
> Erika L. Nusser - enusser@tmdwlaw.com
> E. Michelle Drake - drake@nka.com
> Anna P. Prakash - aprakash@nka.com
> Nicholas D. Thompson - nthompson@nka.com

CALFO HARRIGAN LEYH & EAKES LLP

By /s/ *Tyler L. Farmer*
Tyler L. Farmer, WSBA #39912
999 Third Avenue, Suite 4400
Seattle, WA 98104
Tel: (206) 623-1700
Fax: (206) 623-8717
Email: tylerf@calfoharrigan.com

Attorneys for Defendant TalentWise Inc.

DEFENDANT'S MOTION TO DISMISS - 26
(13-cv-01915-MJP)