UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEATHER HALEY,

                        Plaintiff,

        v.

TALENTWISE, INC.,

                        Defendant.

CASE NO. C13-1915 MJP

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION TO DISMISS

        THIS MATTER comes before the Court on Defendant TalentWise, Inc.'s ("TalentWise")
Motion to Dismiss Plaintiff Heather Haley's ("Haley") suit.  The Court considered the complaint
(Dkt. No. 22), the motion (Dkt. No. 24), the response (Dkt. No. 30), the reply (Dkt. No. 32), and
all attached documents.  The Court GRANTS IN PART and DENIES IN PART TalentWise's
Motion to Dismiss.  The Court dismisses Haley's negligence claims, but the remaining claims
survive the Motion to Dismiss because they are facially plausible.  Further, the Court will not
determine class definitions on this Motion.  The Court also DENIES Haley leave to file a second
amended complaint.

**<u>Background</u>**

Haley brought suit against TalentWise, a consumer reporting agency, alleging it violated three provisions of 15 U.S.C. § 1681, the Fair Credit Reporting Act ("FCRA"), by reporting outdated and dismissed charges; reporting inaccurate, misleading, and internally inconsistent information; and failing to maintain strict procedures.

Haley began working for La Quinta Inns & Suites ("La Quinta") in 2005.  (Dkt. No. 22 at 6.)  In early 2013, she was considered for promotion to assistant manager, and La Quinta obtained a consumer report on Haley from TalentWise.  (<u>Id</u>.)

Haley alleges the consumer report La Quinta received from TalentWise was inaccurate and misleading, violating the FCRA.  (Dkt. No. 22 at 7.)  She claims TalentWise listed a dismissed robbery charge that was over seven years old.  (<u>Id</u>.)  She also maintains TalentWise listed her refusal to submit to a breathalyzer charge twice on the report but listed the charge as having two different dispositions (<u>Id</u>.); one part of the report shows the charge was dismissed, while another part shows the charge resulted in a conviction.  (Dkt. No. 22-10 at 5-6.)  Public records indicate the refusal to submit to a breathalyzer charge was dismissed.  (Dkt. No. 25-1 at 12.)

La Quinta fired Haley after it received the consumer report, but she requested reinstatement.  (Dkt. No. 22 at 7.)  Haley alleges La Quinta sent her an e-mail stating it would not rehire her partly because La Quinta believed she was convicted of refusing to take a breathalyzer test.  (<u>Id</u>.)  Haley then requested TalentWise to send her a copy of the consumer report it had sent to La Quinta.  (<u>Id</u>.)  The report Haley received removed the dismissed robbery charge but did not alter either of the charges of refusing to submit to a breathalyzer.  (<u>Id</u>. at 8.)

TalentWise moves to dismiss Haley's First Amended Complaint, alleging Haley fails to state a claim upon which relief can be granted.  TalentWise also moves to strike Haley's class

1    definition.  (Dkt. No. 24.)  Haley asks the Court in her response for leave to file a second

2    amended complaint to delete the negligence claims and amend the class definition at issue.  (Dkt.

3    No. 30.)

4                                                **Analysis**

5    **A.  Legal Standard for a 12(b)(6) Motion**

6           To survive a Fed. R. Civ. P. 12(b)(6) motion, a complaint must state a claim for relief that

7    is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim is facially

8    plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

9    inference that the defendant is liable for the misconduct alleged."  Id.  Plausibility does not mean

10   probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully."

11   Id.  Merely reciting the elements of a cause of action will not suffice.  Bell Atl. Corp. v.

12   Twombly, 550 U.S. 544, 555 (2007).

13          Courts follow a two-pronged approach when deciding whether a complaint survives a

14   Fed. R. Civ. P. 12(b)(6) motion.  Iqbal, 556 U.S. at 678-79.  First, "a court must accept as true all

15   of the allegations contained in a complaint" unless the allegations are legal conclusions.  Id.

16   Second, the claim for relief must be plausible, which is a context-specific task.  Id.  Courts can

17   consider "documents attached to the complaint, documents incorporated by reference in the

18   complaint, or matters of judicial notice" when making their determination.  U.S. v. Ritchie, 342

19   F.3d 903, 908 (9th Cir. 2003).

20   **B.  A Violation of 15 U.S.C. § 1681c(a)(2) and (5) is Plausible as the Report Included a
        Dismissed Charge From Over Seven Years Ago**

21          Consumer reporting agencies are prohibited from reporting certain information, including

22   the following:

23

24

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS- 3

1          Civil suits, civil judgments, and <u>records of arrest that, from date of entry, antedate</u>
<u>the report by more than seven years</u> or until the governing statute of limitations
2          has expired, whichever is the longer period [or]

3          <u>Any other adverse item of information</u>, other than records of convictions of
crimes which antedates the report by more than seven years.

4

5    15 U.S.C. § 1681c(a)(2) and (5) (emphasis supplied).  Haley does more than recite the statute –

she argues the report violated the FCRA because it included dismissed charges:  "The consumer

6    reports included dismissed charges antedating the report by more than seven years."  (Dkt. No.

7    22 at 17.)  Haley also alleges that, after TalentWise became aware she either knew her rights

8    under the FCRA or retained counsel, it sent her "a report with a backdated cover letter that

9    deleted the outdated dismissed charges," suggesting TalentWise knew the FCRA prohibited it

10   from disclosing dismissed charges antedating the report by more than seven years.  (<u>Id</u>. at 17-18.)

11   Haley provided the Court with the consumer report showing the outdated dismissed charges.

12   (Dkt. No. 22-10.)

13          "Records of arrest" and "adverse" information include dismissed charges.  Haley

14   correctly notes the "FCRA was the product of congressional concern over abuses in the credit

15   reporting industry" and these "consumer oriented objectives support a liberal construction of the

16   FCRA." <u>Guimond v. Trans Union Credit Info. Co.</u>, 45 F.3d 1329, 1333 (9th Cir. 1995).  When

17   construing a statute, the court is to "ascertain the intent of Congress in enacting it and give effect

18   to legislative will." <u>U.S. v. Gilbert</u>, 266 F.3d 1180, 1183 (9th Cir. 2001).  The court does not

19   look beyond the statute for interpretation if the plain language "renders its meaning reasonably

20   clear." <u>Id</u>.  Based on Congress's intent when drafting the statute and its plain language, the

21   dismissed charge from over seven years ago is both a "record of arrest" and "adverse"

22   information that TalentWise is prohibited from including in the consumer report.

23

24

1       TalentWise unsuccessfully argues the statute is ambiguous and it did not violate the

2   FCRA based on its interpretation of the statute.  TalentWise maintains federal law does not

3   define the term "records of convictions," so the law of Minnesota (where Haley was arrested)

4   should govern.  (Dkt. No. 24 at 9.)  TalentWise contends the three counts of robbery arise out of

5   the same incident, so, according to Minnesota law, all three charges are part of the same

6   conviction record even though one charge was dismissed.  (Id. at 10.)  The argument fails for

7   three reasons.  First, TalentWise does not cite to case law showing Minnesota law is controlling

8   authority.  (Id. at 9-10.)  Second, the cases do not discuss the FCRA – they discuss the

9   expungement of criminal records.  See e.g., State v. A.V.G., No. A09-892, 2010 WL 935357, at

10   *2 (Minn. Ct. App. March 16, 2010).  Third, TalentWise's interpretation of the statute works

11   against the consumer, contradicting Congress's intent.  See Guimond, 45 F.3d at 1333.

12       Haley's interpretation of the statute is more persuasive.  Haley cites to Serrano v. Sterling

13   Testing Syst., 557 F. Supp. 2d 688, 693 (E.D. Penn. 2008), which held referencing an outdated

14   arrest record constitutes "adverse information" under 15 U.S.C. § 1681c(a)(5).  The court

15   reasoned an outdated arrest record may have "'an unfavorable bearing on a consumer's

16   eligibility or qualifications' for employment."  Id. (internal citations omitted.)  Although Serrano

17   is non-controlling, it reflects the statute's plain language and Congress's intent:  a record of

18   arrest which includes a dismissed charge from over seven years ago is adverse information that

19   consumer reporting agencies cannot disclose.

20   **C.  A Violation of 15 U.S.C. § 1681e(b) is Plausible as Parts of the Report Include**
           **Incorrect and Inconsistent Information**

21

22       15 U.S.C. § 1681e(b) says when a consumer reporting agency creates a report, it is

23   required to "follow reasonable procedures to assure maximum possible accuracy of the

24

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS- 5

information" regarding the individual who is the subject of the report.  Haley alleges TalentWise violated § 1681e(b) in two instances:

> Defendant reported dismissed charges as convictions, and did it in a way that it should have been able to prevent given that the inconsistency was apparent from the face of the report.  Defendant also reported the same instance of conduct in multiple places in a single report.

(Dkt. No. 22 at 20.)  One part of the report shows the charge of refusing to take a breathalyzer was dismissed, while another part shows the charge resulted in a conviction.  (Dkt. No. 22-10 at 5-6.)  Haley alleges TalentWise could have easily detected the inconsistencies if it had taken the time to review the report before sending it out.  (Dkt. No. 22 at 21.)  The Court could reasonably infer from these allegations TalentWise did not follow reasonable procedures in order to assure maximum possible accuracy.  Haley points to specific parts of the report that are incorrect, inconsistent, or misleading.  (Id. at 20-21.)

TalentWise unsuccessfully contends the Court should dismiss this claim because § 1681e(b) does not create a cause of action any time a consumer reporting agency makes a mistake in preparing a report.  (Dkt. No. 24 at 18.)  TalentWise's argument fails because it relies solely on non-precedential authority from outside the Ninth Circuit.  See e.g., Moore v. First Advantage Enter. Screening Corp., No. 4:12 CV-792, 2013 WL 1662959 (N.D. Ohio Apr. 17, 2013).

Haley appropriately relies on Ninth Circuit authority, Guimond, 45 F.3d at 1333, which discusses § 1681e(b) and notes, the "reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases."  Id.  Although Guimond discusses credit reports, it applies to this analysis because it shows the plaintiff is only required to plead the report was incorrect, which Haley did by pointing to specific inaccuracies. See id.  At this point, the Court could infer from Haley's allegations that TalentWise did not

1   have reasonable procedures in place.  Whether TalentWise actually did have reasonable

2   procedures in place is likely a question for the jury (see id.), but in any event is unsuitable for a

3   12(b)(6) motion to dismiss.

4        Haley also cites to non-controlling law, but the case she relies on provides insight on how

5   a plaintiff should plead a § 1681e(b) violation.  The court in Smith v. HireRight Solutions, Inc.,

6   711 F. Supp. 2d 426, 436 (E.D. Penn. 2010) stated the language of § 1681e(b) is unambiguous,

7   and it was "reasonable – and plausible – to infer that duplicative reporting of criminal cases on a

8   single report creates an adverse presentation of [p]laintiff to a prospective employer."  Id.  The

9   court reasoned the misleading information suggested reasonable procedures were not put in place

10  to assure the maximum possible accuracy of information.  Id. at 433.  Similarly, Haley's

11  allegation of the duplicative, but inconsistent, reporting of the refusal to submit to a breathalyzer

12  charge plausibly suggests TalentWise did not have reasonable procedures in place to assure the

13  information's accuracy. (Dkt. No. 22 at 20-21.)

14  **D. A Violation of 15 U.S.C. § 1681k is Plausible as She was Not Notified of the Report
       and it was Not Up to Date**

15       15 U.S.C. § 1681k(a) describes the requirements a consumer reporting agency must

16  follow when creating a consumer report for employment purposes:

17       (1) at the time such public record information is reported to the user of such
18       consumer report, notify the consumer of the fact that public record information is
         being reported by the consumer reporting agency, together with the name and
19       address of the person to whom such information is being reported; or

20       (2) maintain strict procedures designed to insure that whenever public record
         information which is likely to have an adverse effect on a consumer's ability to
21       obtain employment is reported it is complete and up to date. For purposes of this
         paragraph, items of public record relating to arrests [and] convictions […] shall be
22       considered up to date if the current public record status of the item at the time of
         the report is reported.

23

24

1 | Id. (emphasis supplied.)  Haley alleges TalentWise did not notify her it was sending a consumer

2 | report to La Quinta, and she alleges the report shows she was convicted of a crime when the

3 | charge was dismissed and shows that same charge had two different dispositions.  (Dkt. No. 22

4 | at 22.)  A court could reasonably infer from these allegations TalentWise violated both parts of

5 | the statute.  Haley does not need to allege additional facts showing she did not receive

6 | notification that TalentWise was sending La Quinta a consumer report because a court could

7 | reasonably infer at this point she did not receive a report, especially since Defendant has not

8 | argued otherwise.

9 |       The Smith case, although not governing law, applies to this case because it shows how a

10 | court analyzes a motion to dismiss a § 1681k claim.  See 711 F. Supp. at 426.  The Smith court

11 | states whether a defendant actually followed strict procedures is not appropriate to decide on a

12 | motion to dismiss.  Id. at 439.  Similarly, this Court will not decide on a motion to dismiss

13 | whether TalentWise in fact did maintain or actually follow strict procedures because that is a

14 | question of fact.  See id.

15 |       TalentWise argues the Court should dismiss Haley's First Amended Complaint because

16 | she does not allege the DMV driving records section of the report is inconsistent with her DMV

17 | public record.  (Dkt. No. 24 at 23.)  Haley did not make this allegation, but she does allege the

18 | consumer report is inconsistent because it shows she had been "both convicted of a criminal

19 | charge and had the same criminal charge dismissed."  (Dkt. No. 22 at 22.)  One of the records

20 | TalentWise submitted with this Motion indicates the charge of refusing to submit to a

21 | breathalyzer was dismissed (Dkt. No. 25-1 at 12), while the report itself shows she was convicted

22 | of that same charge in one part but that it was dismissed in another.  (Dkt. No. 22-10 at 5-6.)

23 |

24 |

1  The Court could infer from these allegations TalentWise failed to maintain strict procedures

2  designed to insure its reports are complete and up to date.  See § 1681k(a).

3  **E.  A Willful Violation of the FCRA is Plausible Because She Suggests TalentWise Was Aware It Violated the FCRA**

4  15 U.S.C. § 1681n(a) allows recovery from "[a]ny person who willfully fails to comply

5  with any requirement imposed under" the FCRA.  A "willful" violation is one that was done

6  knowingly or recklessly.  Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 57 (2007).  The

7  Supreme Court defined "reckless":

8
> A company subject to FCRA does not act in reckless disregard of it unless the
9  action is not only a violation under a reasonable reading of the statute's terms, but
   shows that the company ran a risk of violating the law substantially greater than
10  the risk associated with a reading that was merely careless.

11  Id. at 70.  The defendant's action must have involved an unjustifiably high risk of harm that is

12  either known or so obvious that it should have been known.  Bateman v. Am. Multi-Cinema,

13  Inc., 623 F.3d 708, 711 n.1 (9th Cir. 2010).  A plaintiff is not required to show actual harm when

14  suing for willful violations.  Robins v. Spokeo, Inc., No. 11-56843, 2014 WL 407366, at *3 (9th

15  Cir. Feb. 4, 2014).

16  Haley maintains TalentWise's alleged violations were willful for several reasons,

17  including that TalentWise "knew or had reason to know from the plentiful FCRA guidance on its

18  own website that its conduct violates the FCRA" and that it "knew or had reason to know from

19  its prior lawsuits and those of its parent company that its conduct violates the FCRA."  (Dkt. No.

20  22 at 23.)  Haley also alleges TalentWise removed the dismissed robbery charge from the

21  consumer report it sent to her, suggesting TalentWise knew it could not legally disclose that

22  charge.  (Id. at 8.)  The Court could reasonably infer from these allegations TalentWise violated

23  the FCRA willfully.

24

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS- 9

**F. Haley's Claims of Negligence are Not Plausible Because She Does Not Allege Damages**

A claim for negligent noncompliance requires showing actual damages. <u>See</u> 15 U.S.C. § 1681o. The Court dismisses Haley's negligence claims because, although she alleges negligent violations of the FCRA, she does not allege damages as a result. (Dkt. No. 22.) Plaintiff herself moved to delete the claims. (Dkt. No. 30 at 24.)

**G. The Court Resolves Class Definitions on a Rule 23 Motion**

The Court will determine class certification when a party moves pursuant to Fed. R. Civ. P. 23. <u>See</u> <u>McDonald v. General Mills, Inc.</u>, 387 F. Supp. 24, 38 (E.D. Cal. 1974). Whether the Court should strike Haley's class definition is not an appropriate issue to resolve on a motion to dismiss because "compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim." <u>Gillibeau v. City of Richmond</u>, 417 F.2d 426, 432 (9th Cir. 1969).

TalentWise argues unsuccessfully other courts have struck a plaintiff's class allegations on a motion to dismiss. <u>See e.g.</u>, <u>Brazil v. Dell, Inc.</u>, 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008). However, the <u>Brazil</u> court notes class actions are governed under Fed. R. Civ. P. 23, not under Fed. R. Civ. P. 12(b)(6). <u>Id.</u> at 1166. It also refused to consider "whether plaintiffs' claims can meet the commonality or typicality prongs of Rule 23, saving that inquiry" for later. <u>Id.</u> at 1167. The Court will not resolve class definitions on this Motion.

**H. Filing a Second Amended Complaint Would be Futile Because the Court Dismisses Haley's Negligence Claims and Resolves Class Definitions at a Later Stage**

Courts may deny a motion to amend a complaint if doing so would be futile. <u>U.S. ex rel. Lee v. SmithKline Beecham, Inc.</u>, 245 F.3d 1048, 1502 (9th Cir. 2001). Haley asks the Court for leave to file a second amended complaint in order to refine the class definition at issue and remove the negligence claims. (Dkt. No. 30 at 24.) Granting leave to amend the complaint

1   would be futile as this Court dismisses the negligence claims and will decide class definitions at

2   a later time.

3                                          **Conclusion**

4          The Court GRANTS IN PART and DENIES IN PART TalentWise's Motion to Dismiss.

5   The Court dismisses Haley's negligence claims, but finds the remaining claims facially plausible.

6   Further, the Court will decide class definitions on a Fed. R. Civ. P. 23 motion.  Therefore, the

7   Court DENIES Haley leave to file a second amended complaint.

8

9          The clerk is ordered to provide copies of this order to all counsel.

10         Dated April 2, 2014.

11

12

13                                                   Marsha J. Pechman
                                                     United States District Judge
14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS- 11