1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEATHER HALEY, | CASE NO. C13-1915 MJP |
| Plaintiff, | ORDER DENYING RECONSIDERATION AND INTERLOCUTORY REVIEW |
| v. | |
| TALENTWISE, INC., | |
| Defendant. | |

THIS MATTER comes before the Court on Defendant TalentWise, Inc.'s ("TalentWise") Motion for Reconsideration. The Court considered the motion (Dkt. No. 39) and the Order Granting in Part and Denying in Part Defendant's Motion to Dismiss. (Dkt. No. 38.) The Court DENIES the Motion for Reconsideration as TalentWise fails to show the Court committed manifest error in its ruling on the Defendant's Motion to Dismiss. (Dkt. No. 24.) The Court also DENIES TalentWise's request for the Court to certify the issues it raises in this motion for review pursuant to 28 U.S.C. § 1292(b).

**Background**

Plaintiff Heather Haley ("Haley") brought suit against Defendant TalentWise ("TalentWise"), a consumer reporting agency, alleging it violated three provisions of 15 U.S.C. § 1681, the Fair Credit Reporting Act ("FCRA"). (Dkt. No. 22.) TalentWise moved to dismiss Haley's First Amended Complaint, alleging Haley failed to state a claim upon which relief can be granted. (Dkt. No. 24.) The Court issued an order denying in part TalentWise's Motion to Dismiss because Haley's claims, except the negligence claims, were facially plausible. (Dkt. No. 38.) TalentWise moves for reconsideration, contending the Court did not evaluate the reasonableness of TalentWise's interpretation of the FCRA and disregarded the appropriate pleading standard. (Dkt. No. 39). TalentWise also argues, in the alternative, these issues are appropriate for interlocutory review. (Id.)

**Discussion/Analysis**

A. **Legal Standard**

"Motions for reconsideration are disfavored." Local Civil Rule 7(h). District courts ordinarily deny motions for reconsideration unless the moving party shows manifest error in the prior ruling or new legal authority or facts which could not have been brought to the court's attention earlier. Id. Reconsideration should "be used sparingly in the interests of finality and conservation of judicial resources." Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). District courts have sound discretion in determining whether to grant reconsideration. Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

B. **Haley Sufficiently Pled a Violation of 15 U.S.C. § 1681c(a)(2) and (5)**

TalentWise's argument that reconsideration is warranted because the Court did not evaluate the reasonableness of TalentWise's interpretation of the FCRA is without merit because

the Court is ruling on a motion to dismiss – not a motion for summary judgment. (Dkt. No. 39 at 2.) TalentWise's support comes from Safeco Ins. Co. of America v. Burr, 551 U.S. 47 (2007), which held:

> a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

Id. at 70. Although TalentWise is correct that a consumer reporting agency does not act in reckless disregard in part if it has a reasonable interpretation of the statute's terms, whether TalentWise acted in reckless disregard is not the issue before this Court. Id. at 70. The issue is whether Haley adequately pled a violation of 15 U.S.C. § 1681c(a)(2) and (5). Further, determining whether TalentWise's interpretation is objectively reasonable would require factual determinations (i.e., testimony from Talentwise's employees regarding Defendant's interpretation), which are inappropriate on a 12(b)(6) motion. Because TalentWise fails to show manifest error when the Court held Haley's allegations TalentWise violated 15 U.S.C. § 1681c(a)(2) and (5) were plausible, the Court DENIES TalentWise's Motion for Reconsideration.

**C. Haley Sufficiently Pled Violations of 15 U.S.C. § 1681e(b) and § 1681k**

TalentWise unsuccessfully contends Haley's allegations regarding the 15 U.S.C. § 1681e(b) and § 1681k claims are inconsistent with the appropriate pleading standard. (Dkt. No. 39 at 6.) To survive a Fed. R. Civ. P. 12(b)(6) motion, a complaint must state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The level of factual specificity needed to satisfy this pleading requirement will vary depending on the context." In re

1   Century Aluminum Co. Sec. Litig., 729 F.3d 1104, 1107 (9th Cir. 2013).  Haley's allegations,

2   including that the face of the report showed inconsistent dispositions, support plausibility and a

3   reasonable inference that TalentWise violated 15 U.S.C. § 1681e(b) and § 1681k.  (Dkt. No. 22

4   at 20-22.)  Haley could not plead more factual specificity because she will not have further

5   evidence regarding TalentWise's procedures until the parties begin discovery.  See In re Century

6   Aluminum Co. Securities Litigation, 729 F.3d at 1107.

7           TalentWise primarily relies on In re Century Aluminum Co. Sec. Litig. to support its

8   position that the Court did not apply the operative pleading standard.  (Dkt. No. 39 at 6.)

9   TalentWise fails to acknowledge a key part of that court's reasoning: if both the plaintiff and the

10  defendant advance plausible alternative explanations as to the alleged conduct, "plaintiff's

11  complaint survives a motion to dismiss under Rule 12(b)(6)."  In re Century Aluminum Co. Sec.

12  Litig., 729 F.3d at 1108.  Although TalentWise argues the alleged conduct was "a unique

13  mistake made by a single employee, despite the existence of reasonable procedures[,]" Haley

14  makes several plausible allegations from which the Court could infer reasonable procedures are

15  not put in place to assure maximum possible accuracy of information and Talentwise does not

16  maintain strict procedures to keep records up to date.  (Dkt. No. 39 at 6; Dkt. No. 22 at 20-22.)

17  Because TalentWise fails to show manifest error when this Court held Haley's allegations

18  TalentWise violated 15 U.S.C. § 1681e(b) and § 1681k were plausible, the Court DENIES

19  TalentWise's Motion for Reconsideration.

20      **D. These Issues are Inappropriate for Interlocutory Review**

21          28 U.S.C. § 1292 discusses interlocutory decisions. 28 U.S.C. § 1292(b) describes when

22  certification of issues for review is required by the district judge:

23      When a district judge, in making in a civil action an order not otherwise
        appealable under this section, shall be of the opinion that [an] order involves a
24      controlling question of law as to which there is substantial ground for difference

of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Id. A "party's strong disagreement with a court's ruling is not sufficient for" a "substantial ground for difference." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) (internal citations omitted). "The mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." Id. at 634. Just because Washington courts have not addressed the question at issue does not satisfy the substantial ground for disagreement requirement. Id. Talentwise has not provided the Court with "a single case that conflicts with the district court's construction" of the FCRA – TalentWise simply disagrees with the Court's ruling. Id. at 633. This Court DENIES TalentWise's request for certification of these issues for review.

## Conclusion

The Court DENIES TalentWise's Motion for Reconsideration and DENIES TalentWise's request that the Court certify the issues raised in the motion for review pursuant to 28 U.S.C. § 1292(b).

The clerk is ordered to provide copies of this order to all counsel.

Dated April 23, 2014.

Marsha J. Pechman
United States District Judge