HON. MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| HEATHER HALEY, as an individual and as a representative of the classes,<br><br>Plaintiff,<br><br>v.<br><br>TALENTWISE, INC. f/k/a/ TALENTWISE SOLUTIONS, LLC f/k/a INTELIUS SCREENING SOLUTIONS, LLC, ,<br><br>Defendant. | Case No. 2:13-cv-01915-MJP<br><br>**DECLARATION OF DANIEL C. BRYDEN**<br><br>Note on Motion Calendar:<br>June 5, 2015 |

I, Daniel C. Bryden, hereby declare the following:

1. I am one of the Plaintiff's attorneys in this matter. I submit this Declaration in support of Plaintiff's Unopposed Motion for Attorneys' Fees, Costs, and Named Plaintiff Incentive Award.

2. In response to document requests propounded by Class Counsel, Defendant produced over 50,000 pages of documents, which Class Counsel reviewed.

3. Class Counsel deposed five of Defendant's employees, including its Director of Compliance and Director of Screening Operations, and Defendant deposed Plaintiff Haley. Class Counsel also retained a database expert to assist in understanding how Defendant's

DECLARATION OF DANIEL C. BRYDEN - 1
CASE NO. 2:13-CV-01915-MJP

**NICHOLS KASTER, PLLP**
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

1  computer systems pull information from various sources to generate background reports on
2  members of the Classes.  There were a number of telephone calls between Class Counsel's
3  expert and Defendant's senior technology engineer wherein the parties discussed Defendant's
4  databases and electronic records, and its ability to query those databases.  The parties also
5  exchanged versions of the "scripts," or electronic algorithms, that they proposed to use to
6  identify class members, and Plaintiff's expert vetted those proposals.

7      4.  On July 11, 2014, Defendant moved for partial summary judgment, and the
8  parties fully briefed that motion.  ECF Nos. 46-49, 53-57, 58-62.  While the motion for
9  summary judgment was pending and a week before oral argument on the motion, the parties
10 engaged in a full day mediation with the Honorable Paris Kallas on October 2, 2014.  At the
11 conclusion of that mediation, the parties agreed to a settlement in principle and executed a
12 terms sheet.  In the following weeks, the parties drafted and negotiated a comprehensive
13 settlement of the class claims asserted in this action, which was finally executed on December
14 19, 2014.

15     5.  Uncashed funds remaining after the check cashing deadline shall be paid as a *cy*
16 *pres* donation, with half being paid to the Legal Foundation of Washington and the other half
17 being paid to the Southern Coalition for Social Justice.  The Southern Coalition for Social
18 Justice is a certified 501(c)(3) non-profit organization which focuses a substantial part of its
19 work on assisting individuals with criminal backgrounds with re-entry into society, and in
20 particular, re-entry in to the workforce.  Despite its regional name, the Southern Coalition for
21 Social Justice has achieved recognition for its advocacy on a national scale, and one of its
22 attorneys was recently named a Champion of Change by the White House for his advocacy
23 work on behalf of individuals with criminal records.  The Legal Foundation of Washington is
24 "dedicated to equal justice for low-income persons" and "funds programs and supports policies
25 and initiatives which enable the poor and most vulnerable to overcome barriers in the civil
26 justice system."  Both organizations are appropriate *cy pres* recipients.  *See Lane v. Facebook,*
27 *Inc.*, 696 F.3d 811, 821 (9th Cir. 2012) (noting that in determining *cy pres* recipient, the court

DECLARATION OF DANIEL C. BRYDEN - 2
CASE NO. 2:13-CV-01915-MJP

NICHOLS KASTER, PLLP
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878

1  "must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes,
2  and the interests of the silent class members....").

3      6.   My firm's costs to date are $41,945.48, a significant portion of which relate to
4  the database expert expenses that were necessary in understanding Defendant's databases and
5  how to identify class members and the prospective relief.

6      7.   Attached as exhibits are true and correct copies of the following:

7       **EXHIBIT 1:**  Settlement Agreement;

8       **EXHIBIT 2:**  The Southern Coalition for Social Justice's 2013 Annual Report and
9       the Legal Foundation of Washington, Mission Statement;

10      **EXHIBIT 3:**  Class Counsel's fee and costs entries, redacted for privilege and work
11      product; and

12      **EXHIBIT 4:**  Nichols Kaster, PLLP's Firm Resume.

14  The foregoing statement is made under penalty of perjury and is true and correct to the best of
15  my knowledge and belief.

16  Date:  April 3, 2015          /s/Daniel C. Bryden
17                                 Daniel C. Bryden

DECLARATION OF DANIEL C. BRYDEN - 3
CASE NO. 2:13-CV-01915-MJP

**NICHOLS KASTER, PLLP**
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 • FAX 612-338-4878