HON. MARSHA J. PECHMAN

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10 | HEATHER HALEY, as an individual and as a    NO. 13-cv-01915-MJP
representative of the classes,

11 |                                             FINAL JUDGMENT AND ORDER
                Plaintiff,                      APPROVING PARTIAL CLASS ACTION
12 |                                             SETTLEMENT AND DISMISSING CLAIMS
          v.                                    OF SETTLEMENT CLASS MEMBERS WITH
13 |                                             PREJUDICE
   TALENTWISE, INC. f/k/a TALENTWISE
14 | SOLUTIONS, LLC f/k/a INTELIUS
   SCREENING SOLUTIONS, LLC,

15 |                Defendant.

16

17           This matter came before the Court for hearing on June 5, 2015.  The Court, having

18   considered the Motions for Preliminary Approval and Final Approval and the declarations in

19   support thereof, the Settlement Agreement (the "Agreement"), any objections and comments

20   received regarding the proposed settlement, the record in the above captioned action (the

21   "Action"), the evidence presented, and the arguments and authorities presented by counsel, and

22   for good cause appearing,

23

24

FINAL JUDGMENT AND ORDER APPROVING PARTIAL CLASS
ACTION SETTLEMENT AND DISMISSING CLAIMS OF
SETTLEMENT CLASS MEMBERS WITH PREJUDICE - 1
(13-cv-01915-MJP)

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Court, for purposes of this Final Judgment and Order Approving Settlement and Dismissing Claims of Settlement Class Members with Prejudice ("Final Judgment"), adopts the capitalized terms and their definitions set forth in the Agreement.

2. The Court has jurisdiction over the subject matter of the Action, the Class Representatives, the Settlement Class Members, and Defendants.

3. The Court finds that the notice to the Class of the pendency of the Action and of this settlement constituted the best notice practicable under the circumstances to all Persons within the definition of the Settlement Classes, and fully complied with the requirements of due process and of all applicable statutes and laws.

4. The Court hereby finds and concludes that the notice provided by TalentWise to the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

5. The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations among Plaintiff, Class Counsel and TalentWise.

6. The Court hereby adopts and approves the Agreement and the settlement terms contained therein and finds that it is in all respects fair, reasonable, adequate, just, and in compliance with all applicable requirements of the United States Constitution (including the Due Process Clause) and all other applicable laws, and in the best interest of the parties and the Settlement Class.

7. The Court finds that the Parties dispute the merits of the claims and the appropriateness for trying the claims on a class basis. The case involves complex issues of fact and law and the settlement terms reflect the inherent uncertainty of litigation and the challenges

FINAL JUDGMENT AND ORDER APPROVING PARTIAL CLASS
ACTION SETTLEMENT AND DISMISSING CLAIMS OF
SETTLEMENT CLASS MEMBERS WITH PREJUDICE - 2
(13-cv-01915-MJP)

**NICHOLS KASTER, PLLP**
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 □ FAX 612-338-4878

1 of establishing liability in a complex case brought under Federal Rule 23.  Any objections have

2 been considered and are hereby overruled.  Accordingly, the Court directs the parties and their

3 counsel to implement and consummate the settlement in accordance with the terms and

4 conditions of all portions of the Agreement.

5       8.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby

6 finally certifies the Settlement Classes, except for the individuals listed in Attachment A hereto,

7 consisting of:

8 **Obsolete Information Settlement Class**
  All Persons located within the United States who, at any time from October 24,
9 2011 to the date of the preliminary approval were the subject of a TalentWise
employment screening report that included a record of non-conviction that
10 predated the date of the report by more than seven years.

11 **Alleged Duplicate Reporting Settlement Class**
  All Persons located within the United States who, at any time from October 24,
12 2011 to the date of preliminary approval were the subject of a TalentWise
employment screening report that included a criminal record with a date that is
13 within three days (before or after) of the date of a department of motor vehicle
record of violation contained in the same report.

14 The Settlement Classes as certified satisfy all the requirements of Rule 23 and United States

15 Constitution, and any other applicable law as more fully set forth in the Court's Preliminary

16 Approval Order, which is incorporated into this Final Judgment by this reference.

17       9.      In certifying this Action as a class action, the Court hereby finds that:

18 (a)    the members of the Settlement Class are so numerous that joinder of all

19 Settlement Class Members in this Action is impracticable;

20 (b)    there are questions of law and fact common to the members of the Settlement

21 Class;

22 (c)    the claims of the Named Plaintiffs are typical of the claims or defenses of the

23 Settlement Class;

24

FINAL JUDGMENT AND ORDER APPROVING PARTIAL CLASS
ACTION SETTLEMENT AND DISMISSING CLAIMS OF
SETTLEMENT CLASS MEMBERS WITH PREJUDICE - 3
(13-cv-01915-MJP)

**NICHOLS KASTER, PLLP**
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 ☐ FAX 612-338-4878

1  (d)  the questions of law and fact common to members of the Settlement Class

2    predominate over any questions affecting only individual members of the

3    Settlement Class;

4  (e)  a class action was and is superior to other available methods for the fair and

5    efficient adjudication of the controversy, considering, inter alia:  (i) the interests

6    of members of the Settlement Class in individually controlling the prosecution or

7    defense of separate actions; (ii) the extent and nature of any litigation concerning

8    the controversy already commenced by or against members of the Settlement

9    Class; (iii) the desirability or undesirability of prosecuting the litigation of these

10    claims in this particular forum; and (iv) the difficulties likely to be encountered in

11    the management of the class action; and

12  (f)  the Named Plaintiff and Class Counsel have fairly and adequately protected the

13    interests of the Settlement Class.

14        **<u>SETTLEMENT CONSIDERATION</u>**

15  10.  Defendant and Plaintiff are hereby ordered to comply with the terms and

16 conditions contained in the Settlement Agreement, which is incorporated by reference herein and

17 attached hereto as Attachment B.

18           **<u>APPLICABILITY</u>**

19  11.  The provisions of this Final Judgment are applicable to and binding upon and

20 inure to the benefit of each party to the Action (including each Settlement Class Member and

21 each of Defendant's successors and assigns).

22

23

24

FINAL JUDGMENT AND ORDER APPROVING PARTIAL CLASS
ACTION SETTLEMENT AND DISMISSING CLAIMS OF
SETTLEMENT CLASS MEMBERS WITH PREJUDICE - 4
(13-cv-01915-MJP)

12.     All Persons who are included within the definition of either of the Settlement Classes and who did not properly file requests for exclusion are therefore bound by this Final Judgment and by the Settlement Agreement.

13.     As of the Effective Date, the Settlement Class members, including Plaintiff (collectively, the "Releasing Parties"), release Defendant and the "Released Parties", from the "Released Claims."  For purposes of this Settlement Agreement, the "Released Claims" are defined as:

(1)     All claims, actions, demands, causes of action, suits, obligations, and damages, rights or liabilities, of any nature and description whatsoever, that were asserted or could have been asserted in the Complaint.  In addition to releasing all claims for statutory damages under the FCRA relating to the claims asserted, Plaintiffs and the Class Members release all claims for compensatory damages, damages for emotional distress, damages for physical injury, damages for reputational injury, consequential damages, incidental damages, attorney's fees, punitive and exemplary damages that were asserted in the Complaint or could have been asserted; and

(2)     The Releasing Parties stipulate and agree that, upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits conferred by Section 1542 of the California Civil Code, or any other similar provision under federal or state law, or principle of common law which is similar, comparable, or equivalent to Section 1542, which section provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR

AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Releasing Parties may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

14.     As of the Effective Date, by operation of the entry of the Final Approval Order and Judgment, each Settlement Class member who does not file a valid Request for Exclusion, thereby becoming a Settlement Class member, automatically, upon final approval of the Settlement, shall be held to have fully released, waived, relinquished and discharged the Released Parties from the Released Claims, to the fullest extent permitted by law, and shall be enjoined from continuing, instituting or prosecuting any legal proceeding against the Released Parties relating in any way whatsoever to the Released Claims.

15.     The Releasing Parties stipulate and agree that upon the Court's final approval of this Settlement Agreement, the Claims in the Case shall be dismissed with prejudice.   The Releasing Parties, on behalf of themselves and their respective assigns, agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the Released Claims.   Attachment A to this Final Judgment contains a list setting forth the name of

FINAL JUDGMENT AND ORDER APPROVING PARTIAL CLASS
ACTION SETTLEMENT AND DISMISSING CLAIMS OF
SETTLEMENT CLASS MEMBERS WITH PREJUDICE - 6
(13-cv-01915-MJP)

**NICHOLS KASTER, PLLP**
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 □ FAX 612-338-4878

1    each Person who timely submitted a request for exclusion from the Settlement Class in

2    compliance with the procedures set forth in the Preliminary Approval Order.  The Persons so

3    identified shall not be entitled to benefits from the settlement nor bound by this Final Judgment.

4    **ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

5    **AND SERVICE AWARD**

6         1.     The Court approves Class Counsel's application for up to $500,000 in attorneys'

7    fees and costs, and for a service award to the Named Plaintiff in the amount of $8,000.

8    However, due to a discrepancy in the amounts stated in the class notice and the amounts which

9    would be distributed in light of this fee award, and at the request of Class Counsel, the Court

10   orders that $110,152.00 of this amount be held back from the initial Attorneys' Fees and

11   Expenses distribution to Class Counsel and instead be distributed to the Class. This will result in

12   the amounts sent to Class to be the amounts set forth in the class notice with $59 to Alleged

13   Obsolete Information Settlement Class members and $30 to Alleged Duplicative Reporting

14   Settlement Class members.  Once the check cashing deadline has passed, if there are amounts

15   remaining in the settlement fund due to uncashed checks, Class Counsel shall be entitled to be

16   paid up to $110,152.00 from such remaining amounts.  Any amounts remaining in addition to

17   that amount shall be distributed to the parties' designated *cy pres* recipients as set forth in the

18   Settlement Agreement.

19        2.     The Court hereby dismisses this Action and all claims with prejudice, without

20   costs to any party, except as expressly provided for in the Settlement Agreement.

21        3.     Finding that there is no just reason for delay, the Court orders that this Final

22   Approval Order and Judgment shall constitute a final judgment pursuant to Rule 54 of the

23   Federal Rules of Civil Procedure that is binding on the parties and the Settlement Class.  The

24

**NICHOLS KASTER, PLLP**
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 ☐ FAX 612-338-4878

1   Clerk of the Court is directed to enter this Order on the docket forthwith.

2   <u>**GENERAL PROVISIONS**</u>

3   16.     The provisions of this Final Judgment are entered as a result of a voluntary

4   agreement of the parties.  The Settlement Agreement and this Final Judgment are not intended to,

5   and shall not be construed as any admission, express or implied, of any fault, liability or

6   wrongdoing by Defendant, or of the accuracy of any of the allegations in the Complaint.

7   17.     All terms, provisions, obligations and rights as contained in the Settlement

8   Agreement are hereby incorporated into this Final Judgment and the parties are ordered to

9   perform their obligations thereunder, including, but not limited to, the full release of claims.

10   18.     Jurisdiction is retained by this Court for matters arising out of the Settlement

11   Agreement except as expressly stated therein.

12

13   **IT IS SO ORDERED.**

     DATED: June 16th, 2015.

14

15

16   Marsha J. Pechman
     Chief United States District Judge

17

18

19   APPROVED AS TO FORM:

20   CALFO HARRIGAN LEYH & EAKES LLP    NICHOLS KASTER, PLLP

21   /s/Tyler L. Farmer                   /s/Daniel C. Bryden
     Arthur W. Harrigan, Jr., WSBA #1751     E. Michelle Drake (MN Bar #0387366)

22   Tyler L. Farmer, WSBA #39912         Daniel C. Bryden (MN Bar #0302284)
     Damon C. Elder, WSBA #46754         John G. Albanese (MN Bar #0395882)

23   999 Third Avenue, Suite 4400          4600 IDS Center
     Seattle, WA  98104                 80 South Eighth Street

24   Tel:  (206) 623-1700               Minneapolis, MN 55402

FINAL JUDGMENT AND ORDER APPROVING PARTIAL CLASS
ACTION SETTLEMENT AND DISMISSING CLAIMS OF
SETTLEMENT CLASS MEMBERS WITH PREJUDICE - 8
(13-cv-01915-MJP)

**NICHOLS KASTER, PLLP**
4600 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
TEL. 612-256-3200 ☐ FAX 612-338-4878

1  Fax:  (206) 623-8717
   Email:  arthurh@calfoharrigan.com
2  Email:  tylerf@calfoharrigan.com
   Email:  damone@calfoharrigan.com
3
   *Attorneys for Defendant TalentWise Inc.*
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Tel: (612) 256-3200
Fax: (612) 215-6870
Email: drake@nka.com
Email:  dbryden@nka.com
Email: jalbanese@nka.com

TERRELL MARSHALL DAUDT & WILLIE,
PLLC
Beth E. Terrell, WSBA #26759
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
T:  (206) 816-6603
F:  (206) 350-3528
E:   bterrell@tmdwlaw.com

*Attorneys for Plaintiff Heather Haley*

FINAL JUDGMENT AND ORDER APPROVING PARTIAL CLASS
ACTION SETTLEMENT AND DISMISSING CLAIMS OF
SETTLEMENT CLASS MEMBERS WITH PREJUDICE - 9
(13-cv-01915-MJP)